**STATE of Iowa, Appellee,**

v.

**Kent COOK, Appellant.**

**No. 52837.**

Supreme Court of Iowa.

April 9, 1968.

Mahoney, Jordan & Statton, Boone, for appellant.

Richard C. Turner, Atty. Gen., William A. Claerhout, Asst. Atty. Gen., and Stanley R. Simpson, Boone, County Atty., for appellee.

MASON, Justice.

Defendant Kent Cook was charged by county attorney's information with larceny in the nighttime contrary to section 709.4, Iowa Code, 1966. After pleas of a former judgment of acquittal and not guilty, trial to a Boone County jury resulted in his conviction. Defendant was sentenced to imprisonment in the state penitentiary for a term not to exceed ten years. From this final judgment he appeals.

I. March 18, 1967, the garage and office of the Boone Yellow Cab Company was broken and entered between 1 and 2:54 a.m. A Yellow Cab and approximately $118 in cash and coupons were taken. Shortly after 3 a. m. defendant was arrested near Iowa Falls while riding in the front seat of the stolen cab driven by Howard Russell Switzer. At the time of arrest Switzer had approximately $100 in cash on his person; defendant, approximately $27.

March 28 four county attorney's informations were filed; one charged Switzer with larceny of a motor vehicle contrary to Code section 321.82; another with larceny in the

nighttime contrary to section 709.4. Identical informations were filed against defendant. Later Switzer entered a plea of guilty to the larceny in the nighttime charge and the other was dismissed.

Defendant entered a plea of not guilty to the larceny of a motor vehicle charge and would not plead to the information charging larceny in the nighttime. The court thereupon entered a plea of not guilty. Section 777.14. Trial for larceny of a motor vehicle resulted in defendant's acquittal.

Before trial on the larceny in the nighttime charge defendant moved for a bill of particulars, asking that he be informed how the State expected to prove scienter and requested particulars with respect to any money taken from the Yellow Cab building. Section 773.6. This motion was overruled. Defendant then moved the minutes of testimony be enlarged and on April 5 moved to allow discovery depositions to be taken. These motions were also overruled.

May 3 defendant moved to quash the information, contending he was formerly tried on the charge of larceny of a motor vehicle arising out of the same transaction set forth in the present information; to allow the State to proceed with the larceny charge would place him in jeopardy twice for the same offense contrary to article I, section 12, Iowa constitution and amendment 5 of the federal constitution. He further asserted the crime of larceny of a motor vehicle charged in the one information was the same species of offense as larceny in the nighttime charged in the present information; he had been placed in jeopardy on the motor vehicle theft and such jeopardy was a bar to further proceedings on the larceny in the nighttime charge; the offense, if any, was committed at the same time or within a few seconds or minutes of the event for which he had already stood trial; the minutes of testimony listed on the two informations are identical, the number and identity of witnesses listed, the facts and times of the transactions, the owner of the goods and place of theft are the same.

After the court overruled the motion to quash, defendant entered a plea of former judgment of acquittal, sections 777.11 and 777.13, which stood with the court-entered plea of not guilty.

The day of trial defendant challenged the jury panel pursuant to rule 186, Rules of Civil Procedure, as provided in section 779.-3, asserting the voir dire examination of the first 16 prospective jurors revealed that the panel was made up entirely of residents of the city of Boone and all other precincts in Boone County had been eliminated therefrom in the selection of prospective jurors; the selection of the panel was contrary to chapter 609, Code, 1966. The defendant's challenge to the jury panel was overruled.

Defendant then moved for separate trial on the issue and plea of former acquittal. When this motion was overruled defendant's motion that his plea of former judgment of acquittal should be sustained by the court as a matter of law was renewed and again overruled.

In a motion for directed verdict at the close of the State's evidence defendant renewed his claim that his plea of former acquittal was a bar to the prosecution. The motion was overruled.

II. Defendant contends the trial court erred by (1) submitting the issues of jeopardy and guilt to one jury at the same time; (2) refusing to order all charges against defendant be brought in one prosecution based on events which occurred at approximately the same time and place; (3) overruling his motion for separate trial on issue of jeopardy; (4) overruling his motion for new trial when the jury considered the issue of guilt before the issue of jeopardy; (5) overruling defendant's motion for pretrial discovery; (6) submitting the case to the jury in a method contrary to the due process clause of the United States Constitution; (7) allowing testimony of certain witnesses which violated defendant's right to a fair trial; and (8) overruling his challenge to the jury panel.

We combine defendant's first, third, fourth and sixth assignments of error for determination inasmuch as his contentions in support of these rest primarily on the proposition he was subjected to double jeopardy.

III. Article I, section 12, Iowa constitution provides in part: "No person shall after acquittal, be tried for the same offense." Code section 777.20 similarly provides in part: "A conviction or acquittal by a judgment upon a verdict shall bar another prosecution for the same offense, * * *."

In the one information defendant was charged with willfully, unlawfully and feloniously taking, stealing and carrying away a certain motor vehicle, to-wit: one 1966 Rambler, license No. 8–2451, the property of Leonard Lycke, contrary to Code section 321.82 which provides in part:

"Larceny of motor vehicle. If any person steal, take and carry away, irrespective of value, any motor vehicle, he shall be punished * * *." This statute first enacted as section 2, chapter 273, Laws of the Fortieth General Assembly has continued as a part of our Code since 1924.

In the instant information defendant was charged with willfully, unlawfully and feloniously in the nighttime committing larceny in the private building belonging to Leonard Lycke located in Boone, by taking, stealing and carrying away from said building approximately $100 in cash contrary to section 709.4 which provides in part:

"Larceny in nighttime. If any person in the nighttime commit larceny in any * * * private building, * * * when the value of the property stolen exceeds the sum of twenty dollars, he shall be imprisoned * * *." Since the Code of 1851, this section has appeared in various forms.

The two statutes under which defendant was charged have different origin both in time and design.

█ Although the evidence necessary to prove the essential elements of the crime of larceny of a motor vehicle would be admissible in a prosecution of larceny in the nighttime under the circumstances here, the same evidence may not be sufficient to establish the essential elements of larceny in the nighttime.

"The rule now generally recognized is that, in order that the plea of former jeopardy may be available, it must appear that the two offenses are in substance the same, or of the same nature, or same species, so that the evidence which proves the one would prove the other. If, however, an essential element of one offense is not necessarily present in the other, then there is no former jeopardy, although the same evidence may be offered to sustain the indictment in each case." State v. Cowman, 239 Iowa 56, 59, 29 N.W.2d 238, 240, quoting from State v. Jacobson, 197 Iowa 547, 549, 197 N.W. 638, 639.

In determining whether there are separate statutory offenses, "the applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, *is whether each provision requires proof of a fact which the other does not.*" Gore v. United States, 357 U.S. 386, 397, 78 S.Ct. 1280, 1287, 2 L.Ed.2d 1405, (from Justice Brennan's dissent).

█ In order for the State to sustain a successful prosecution under section 709.4 it was necessary that the larceny be in the nighttime and in this case from the private building mentioned in the information. State v. Lawson, 196 Iowa 740, 742–743, 195 N.W. 366, 368. Neither of these facts would be essential to a prosecution under section 321.82.

█ "It is the identity of the offense, and not of the act, which is referred to in the constitutional guarantee against putting a person twice in jeopardy." State v. Melia, 231 Iowa 332, 336, 1 N.W.2d 230, 232, quoting from State v. Fredlund, 200 Minn. 44, 52, 273 N.W. 353, 357, 113 A.L.R. 215.

"A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.

"\*     \*     \*     \*     \*     \*

"\*     \*     \*     the test of identity of offenses is whether the same evidence is required to sustain them; if not, then the fact that both charges relate to and grow out of one transaction does not make a single offense where two are defined by the statute." Barnett v. Gladden, 9 Cir., 375 F.2d 235, 238, and citations.

■ The charge in the information of larceny of a motor vehicle is not the same offense as charged in the information in the instant case, namely, larceny from a building in the nighttime. It necessarily follows defendant's plea of former acquittal was not available as a defense in the instant case and his contention under these assignments of error is without merit.

As further support for our position see Kistner v. United States, 8 Cir., 332 F.2d 978, 980, where the court said:

" '[T]he test of identity of offenses is whether the same evidence is required to sustain them; if not, then the fact that both charges relate to and grow out of one transaction does not make a single offense where two are defined by the statutes.' Morgan v. Devine, 237 U.S. 632, 641, 35 S.Ct. 712, 715, 59 L.Ed. 1153 (1915) and stated differently, but to the same effect:

" '[T]hat, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not.' Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932)."

"\*     \*     \*     The decisions of the Supreme Court have made it abundantly clear that the purpose of the double jeopardy rule (common law or constitutional) was to forbid a *second trial* for the same offense. \*     \*     \*" United States v. H. E. Koontz Creamery, Inc. (D.Md.), 232 F.Supp. 312, 316.

Having determined that double jeopardy does not exist as a matter of law, we will not consider these assignments separately.

IV. Under his second assignment defendant contends that where a continuing set of actions transgresses more than one statute, the accused must be prosecuted jointly for all phases or consequences of his actions where such prosecution is reasonable and the State knows of the actions or is reasonably expected to discover them.

Code section 773.37 provides: "Charging several offenses. In case of compound offenses where in the same transaction more than one offense has been committed, the indictment may charge the several offenses and the defendant may be convicted of any offense included therein."

■■ Although this statute may permit several offenses to be charged in separate counts of the same indictment or information, we do not believe the State is always compelled to adopt such procedure to accord due process. The question in any given case is whether such course has led to fundamental unfairness. There is no constitutional prohibition against the State's prosecuting different offenses at consecutive trials even though they arose out of the same occurrence in the absence of proof establishing that such tactics have entailed fundamental unfairness. In support see Hoag v. State of New Jersey, 356 U.S. 464, 467, 468, 78 S.Ct. 829, 832, 2 L.Ed.2d 913; Ciucci v. State of Illinois, 356 U.S. 571, 573, 78 S.Ct. 839, 840, 2 L.Ed.2d 983; and People v. Rosoto, 58 Cal.2d 304, 23 Cal.Rptr. 779, 373 P.2d 867, 877.

We believe the State was constitutionally entitled to prosecute these individual offenses singly at separate trials.

Of course, as suggested in Hoag v. State, of New Jersey, supra, it may well be preferable for the State in circumstances such as these normally to try the offenses in a single prosecution and recent studies of the American Law Institute have led to such a proposal. See Model Penal Code, section 1.08(2) (tentative draft No. 5).

V. There is no merit in defendant's contention that the trial court erred in overruling his motion of April 5 for pretrial discovery as asserted in his fifth assignment. He argues that if he was to be denied discovery by deposition, the court's failure to sustain his motion to quash, followed by a motion for enlargement of the minutes, violated Code section 781.10 which provides:

"Depositions. A defendant in a criminal case, either after preliminary information, indictment, or information, may examine witnesses conditionally or on notice or commission, in the same manner and with like effect as in civil actions."

As stated, the minutes of testimony listed on the two informations are identical, as are the number and identity of witnesses listed, the facts and times of the transactions, the owner of the goods and place of theft. The judge, the prosecutor and defense counsel were the same in both trials, only the offenses charged were different.

█ The first trial which commenced April 24 and was concluded April 27 afforded defendant opportunity to acquire information probably sought by his April 5 motion as we view the record. There is no indication defendant desired to examine anyone other than those who were witnesses in the first trial. His argument does not elaborate on why the ruling was incorrect or how it created harm or prejudice to the defense.

Besides as recent as State v. Gates, Iowa, 150 N.W.2d 617, 621, we made reference to State v. District Court (Delaware County), 253 Iowa 903, 114 N.W.2d 317, where we analyzed the provisions of section 781.10,

supra, and the Rules of Civil Procedure and approved the holding that discovery rules are confined to civil cases.

VI. Defendant's sixth assignment of error concerns testimony given by the State's witnesses Wolff, a guard at Riverview Release Center, and Chief Harvey of the Boone police department.

After Wolff testified he was an honor farm guard, defendant moved that the matters sought to be elicited from him would be highly prejudicial to defendant. The motion is not set out in the record and we have only a narrative reference to it. The motion was overruled. The witness then proceeded to testify without objection concerning defendant's escape from the honor farm, identification of honor farm locker keys taken from him and honor farm inmates had no money.

Harvey testified, without objection, defendant and Switzer asked to be transferred from the city jail and asked Harvey to tell the sheriff they would give their word they wouldn't break out of the county jail.

A motion for mistrial made the day following Harvey's being on the stand was overruled. A motion to strike the contested portion of Harvey's testimony was sustained and the jury was admonished to give it no consideration whatsoever. It was late.

In his argument defendant concedes no question was raised in the lower court on any of the exceptions enumerated.

The trial court in ruling on defendant's motion for a new trial observed that defendant's closing jury argument furnished the answer as to why he did not object to Wolff's testimony and concluded it was a decision of trial tactics. He cannot complain.

█ We have frequently held an objection to a question is not timely unless made before answer. A party cannot ordinarily complain of the receipt of evidence to which no timely objection was made, at

least without a reasonable excuse for not objecting. Where a witness answers a question before opposing counsel has opportunity to object, counsel should make a motion to strike the answer asserting he did not have time to interpose his objection before the answer of the witness. Defendant cannot be allowed to observe the effects of evidence and object to its admissibility only after counsel concludes that on the whole it is more harmful than beneficial. See State v. Mabrey, 245 Iowa 428, 431, 60 N.W.2d 889,.891; Castner v. Wright, 256 Iowa 638, 652, 127 N.W.2d 583, 591, 128 N.W.2d 885; and State v. Dwinells, 259 Iowa 945, 146 N.W.2d 231, 235.

Defendant's sixth assignment of error does not entitle him to a reversal.

VII. Defendant contends in support of his eighth assignment that Code section 609.1 is an infringement of amendment 6 to the federal constitution.

Because defendant was brought to trial on both informations before the same jury panel, it became necessary to call in talesmen from which to select a jury for the second trial.

The gist of defendant's argument appears to be whether the talesmen were properly drawn.

Section 609.1(3) provides: *"Talesmen.* A list of the names and addresses of electors equal to fifteen percent of the whole number of qualified electors who voted at the last preceding general election, as shown by the pollbooks, in the city or town in which the district court is held and in the township or townships in which such city or town is located (but in no case exceeding five hundred names) from which to select talesmen."

Defendant had the burden of proving beyond a reasonable doubt that this statute is unconstitutional. In our opinion, he has not sustained that burden. For a discussion of the principles which govern our examination of constitutional questions see Borden v. Selden, 259 Iowa 808, 146 N.W. 2d 306, 310.

The assignment is without merit.

The case is

Affirmed.

All Justices concur.