213 So.2d 623 (1968)
Joseph WALLER, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 67-426.
District Court of Appeal of Florida. Second District.
August 28, 1968.
Rehearing Denied September 17, 1968.
Leslie Harold Levinson, Gainesville, and Gardner W. Beckett, Jr., St. Petersburg, for appellant.
Earl Faircloth, Atty. Gen., Tallahassee, and William D. Roth, Asst. Atty. Gen., Lakeland, for appellee.
PER CURIAM.
The appellant appeals a judgment and sentence imposed upon him after a jury found him guilty of the crime of grand larceny.
The appellant was one of a number of persons who removed a mural which was on a wall of the City Hall in St. Petersburg, Florida. After the mural was removed the appellant, together with others, carried it through the streets of St. Petersburg until they were confronted by police officers who recovered it after a scuffle with the appellant and others. When the mural was recovered by the police officers it was in a damaged condition.
The appellant was charged by the City of St. Petersburg with the violation of two ordinances, to-wit: destruction of city property and disorderly breach of the peace. Trial was held in the municipal court after which the appellant was found guilty on both violations and sentence was imposed.
*624 Thereafter an information was filed against the appellant charging him with grand larceny. This information was based on the same acts of the appellant as were involved in the violation of the two city ordinances. The appellant filed a motion to quash the information on the ground that the prosecution under the information was barred by the prior convictions of the appellant in the municipal court. Said motion was denied and the appellant filed a suggestion for writ of prohibition in the Supreme Court of Florida. The Supreme Court denied said petition without opinion. State ex rel. Waller v. Circuit Court for Sixth Judicial Circuit, in and for Pinellas County, Fla. 1967, 201 So.2d 554.
On appeal here the appellant contends that he was twice put in jeopardy since prior to his conviction of grand larceny he had been convicted by the municipal court of an included offense of the crime of grand larceny.
Assuming but not holding that the violations of the municipal ordinances were included offenses of the crime of grand larceny, the appellant nevertheless has not twice been put in jeopardy, because even if a person has been tried in a municipal court for the identical offense with which he is charged in a state court, this would not be a bar to the prosecution of such person in the proper state court. This has been the law of this state since 1894, as is established in the case of Theisen v. McDavid, 34 Fla. 440, 16 So. 321, 26 L.R.A. 234. The Florida Supreme Court has followed the Theisen case, supra, throughout the years and as recently as July 17, 1968, in Hilliard v. City of Gainesville, Fla., 213 So.2d 689, reaffirmed the Theisen case and stated as follows:
"This double jeopardy argument has long been settled contrary to the claims of the petitioner. We see no reason to recede from our established precedent on the subject. Long ago it was decided that an act committed within municipal limits may be punished by city ordinance even though the same act is also proscribed as a crime by a state statute. An offender may be tried for the municipal offense in the city court and for the crime in the proper state court. Conviction or acquittal in either does not bar prosecution in the other."
The appellant next contends that the mural was a permanent fixture on the wall of the City Hall and therefore was "real property" and not subject to larceny. Appellant relies on the fact that the painting or mural was affixed to the wall by an adhesive and that this made it a permanent fixture and therefore a part of the real property.
We cannot agree with the appellant's position and the record on appeal clearly establishes that the painting or mural was that type of property which may be a subject of larceny.
Next, the appellant contends that in view of the fact that the mural was removed in full daylight, in the presence of police officers and that appellant and the mural remained in the view of police officers until it was recovered, that as a matter of law the requisite felonious intent required to establish the crime of larceny was not shown.
With this we do not agree. The trial court properly instructed the jury on the essential elements of the crime of larceny and the question of intent required to establish that crime was properly submitted to the jury and resolved by it against the appellant.
The appellant's other assignments of error and points on appeal have been carefully considered and found to be without merit. Among these assignments of error and points on appeal, the appellant has contended that the trial court erred not only in refusing numerous requested instructions but also in the instructions which were given to the jury. We have reviewed the entire instructions and find that *625 the court properly and correctly instructed the jury in this case.
For the foregoing reasons the judgment and sentence is affirmed.
LILES, C.J., and PIERCE and HOBSON, JJ., concur.