270 So.2d 26 (1972)
Joseph WALLER, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 71-917.
District Court of Appeal of Florida, Second District.
November 22, 1972.
Rehearing Denied January 3, 1973.
Leslie H. Levinson, Gainesville, and Gardner W. Beckett, Jr., St. Petersburg, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
PIERCE, Chief Judge.
This case boils down in its last analysis to a single simple issue, namely, whether an infraction of a local municipal vandalism ordinance is a necessarily-included offense within the State felony offense of grand larceny. Inherent in the Florida Courts' holdings in this case from the outset has been, and we think correctly, that it is not, and hence a conviction under the local town ordinance would not preempt the State Court from exercising its jurisdiction over grand larceny violations, even though the municipal and State offenses were initially the outgrowth of the same general transaction. In other words, there was no double jeopardy involved. A brief resume of the factual background of the case is essential to a fair understanding of the real issue involved.
Waller, a zealous civil rights activist, obviously overwrought in the fervor of his cause and no doubt spurred on by the enthusiastic "rooting" of his followers, proceeded to rip down a mural which was attached to an interior wall of the City Hall *27 in St. Petersburg, Fla. Waller with his companions then carried it out of the building, and through the streets of St. Petersburg, where they were confronted by police officers who recovered it in a damaged condition.
Waller was charged in the local municipal Court with violation of two City Ordinances, namely, destruction of city property and disorderly breach of the peace. Upon trial in that Court Waller was found guilty of both charges and sentence was imposed.
Thereafter criminal information was filed against Waller in the local State Court charging him with grand larceny. The information was based on the acts of Waller in the taking and asportation of the mural from the city building. Objections were interposed to the State prosecution, both in the State trial Court and also in the State Supreme Court, which were denied. Upon conviction of the felony charge, he appealed to this 2nd District Court, contending that he had been twice put in jeopardy because of the State grand larceny charge and the prior municipal court prosecution of the local town ordinances. This Court affirmed the grand larceny conviction in Waller v. State, Fla. App. 1968, in 213 So.2d 623, citing Theisen v. McDavid, 1894, 34 Fla. 440, 16 So. 321, and Hilliard v. City of Gainesville, Fla. 1968, 213 So.2d 689. In the course of this Court's opinion affirming Waller, on page 624 of 213 So.2d, we said:
"Assuming but not holding that the violations of the municipal ordinances were included offenses of the crime of grand larceny, the appellant nevertheless has not twice been put in jeopardy, because even if a person has been tried in a municipal court for the identical offense with which he is charged in a state court, this would not be a bar to the prosecution of such person in the proper state court."
Upon review of this Court's affirmance of Waller's conviction upon the larceny charge, the U.S. Supreme Court (397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed. 435) said:
"We act on the statement of the District Court of Appeal that the second trial on the felony charge by information `was based on the same acts of the appellant as were involved in the violation of the two city ordinances' and on the assumption that the ordinance violations were included offenses of the felony charge."
The high Court then concluded that 
"We decide only that the Florida courts were in error to the extent of holding that 
`even if a person has been tried in a municipal court for the identical offense with which he is charged in a state court, this would not be a bar to the prosecution of such person in the proper state court.'"
The high Court thereupon vacated our previous judgment of affirmance and sent the case back here, whereupon we remanded the cause back to the trial Court "for further proceedings in conformity with the judgment of the Supreme Court of the United States". After hearing, the trial Court entered order which provided that 
"* * * the State of Florida may further prosecute defendant Waller in this cause, * * * and the Court's ruling is without prejudice to defendant to enter a plea of autrefois convict and he is hereby granted twenty days within which to file the same or such other pleadings as defendant deems appropriate in the premises * * *".
Waller then filed a barrage of motions, all generally directed to the contention that double jeopardy precluded the re-trial of Waller on the State charge. Thereupon, on December 10, 1971, the trial Court adjudged Waller to be guilty of grand larceny and pronounced sentence, from which judgment and sentence Waller now appeals to this Court and makes the same contention of double jeopardy he has heretofore *28 made in the prior proceedings. In the course of ruling upon the various motions filed by Waller after our remand, the trial Court reviewed the posture of the case from the beginning, in the following language:
"The material facts as the Court sees them are that defendant, WALLER, while participating in a demonstration against the presence of what he and his cohorts deemed an offensive mural on a wall of the City Hall of the City of St. Petersburg, Florida, ripped the mural valued at more than $100.00 from the wall and transported the mural, property of the City of St. Petersburg, from the City Hall; and was apprehended on the streets of St. Petersburg in possession of the mural. Thereafter, defendant, WALLER, was convicted in the municipal court of the City of St. Petersburg of the offense of Disorderly Breach of the Peace and Malicious Destruction of City Property; subsequently, defendant was tried in the circuit court of this circuit upon the charge of Larceny for the taking of the mural by the means aforementioned. This Court by an Order dated August 3, 1970, found that the charges of which defendant was convicted in the municipal court were not lesser and included offenses of Larceny." (Emphasis supplied).
It seems to us that the determining ingredient of this case at this time is whether or not the municipal court charges of breach of the peace and malicious destruction of city property were lesser and included offenses of the State charge of grand larceny. We hold that they definitely were not such included offenses and that no legal impediment prevents the prosecution of Waller on the State charge.
We are fully aware of the language of the U.S. Supreme Court aforesaid (ante, p. 3) that "we act ... on the assumption that the ordinance violations were included offenses of the felony charge" and the further observation in footnote 3 of that opinion that such was the "assumption of the District Court of Appeal ..." which "we [the high Court] accept".
With all due respect, however, we believe that Court was in error in stating that this Court has ever categorically assumed that the ordinances were "included offenses" to larceny. What we did say was "assuming but not holding" that the municipal ordinances were such included offenses, etc. We never held nor did we ever unqualifiedly assume that they were included offenses; we did so only for sake of discussion.
We readily concede that we inadvertently invited confusion when we used the unfortunate and improvident language in our opinion in 213 So.2d 623 of "assuming but not holding", etc. This language was gratuitous, misleading and wholly unnecessary to determination of the legal postulate we were endeavoring to establish, namely, that the municipal court conviction of the ordinance charges was no bar to a state Court prosecution for grand larceny. This was so because the right of the State to prosecute the felony charge was not dependent on whether the municipal court charges were or were not "included offenses" within grand larceny.
And the two cases of Theisen and Hilliard cited in our opinion in 213 So.2d were not predicated upon the proposition of "included offenses" at all. They were bottomed upon the long-established proposition that an infraction of a city ordinance and a violation of State law may legally be two separate and distinct offenses, even though they might involve, or arise out of, the same act or transaction.
As our Supreme Court said in Theisen, "The constitution does not prohibit a second jeopardy for the same act, but forbids the second jeopardy for the same offense." See also to the same effect McHugh v. State, 1948, 160 Fla. 823, 36 So.2d 786, cert. den. 336 U.S. 918, 69 S.Ct. *29 640, 93 L.Ed. 1081; Vamvas v. United States, CCA5 Fla. 1926, 13 F.2d 347; Goodwin v. State, Fla. 1946, 157 Fla. 751, 26 So.2d 898; Albritton v. State, 1939, 137 Fla. 20, 187 So. 601; Bacom v. Sullivan, CCA 5 1953, 200 F.2d 70; cert. den. 345 U.S. 910, 73 S.Ct. 651, 97 L.Ed. 1345; Wallace v. State, 1899, 41 Fla. 547, 26 So. 713; Southworth v. State, 1929, 98 Fla. 1184, 125 So. 345; and State v. Bowden, 1944, 154 Fla. 511, 18 So.2d 478. With specific reference to violations of an ordinance and of a State law, see State v. Malone, Fla. App. 1969, 227 So.2d 896, and Smith v. State, Fla.App. 1971, 251 So.2d 153. And lastly, we admit that if the city conviction here had been upon charges included within the State charge of larceny the State prosecution would have been barred by double jeopardy. It was in effect so held by our Supreme Court in Sanford v. State, 1918, 75 Fla. 393, 78 So. 340.
Analyzing the broad spectrum of the high Court's opinion, we are impelled to the conclusion that what that Court was aiming at was to definitely abolish the dual sovereignty theory as between States and municipalities wherein each is capable of imposing punishment for the same crime. This would be in keeping with that Court's traditional function of deciding fundamental constitutional rights rather than merely reaching a decision in an adversary law suit.
It is significant that the U.S. Supreme Court did not forever discharge Waller on the ground that he could never be prosecuted for grand larceny; on the contrary, implicit within its opinion was the rationale that if it were determined that larceny was "not embraced within the charges against him in the municipal court," he could "be subject to further prosecution" depending on "restrictions not covered by the double jeopardy restraints" of the organic law.
The record filed here upon the instant appeal shows that the trial Court determined adversely to Waller the main question involved, as well as the other collateral questions contemplated by the high Court's observations aforesaid, and that there was ample basis for such holding. In this concept of the case, Waller has demonstrated no reversible error in the judgment appealed from, and the judgment and sentence is thereupon 
Affirmed.
HOBSON and McNULTY, JJ., concur.