STATE of Iowa, Appellee,

v.

Jerry Lee BAKER, Appellant.

No. 55650.

Supreme Court of Iowa.

Jan. 17, 1973.

Lee J. Farnsworth, Denison, for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., and Jim K. Graven, Sac City, County Atty., for appellee.

Submitted to MOORE, C. J., and Le-GRAND, REES, UHLENHOPP and HARRIS, JJ.

MOORE, Chief Justice.

Following appeal from Justice of the Peace Court to the District Court, defendant was tried, convicted and fined $25 for reckless driving in violation of Code section 321.283. He has appealed. We affirm.

I. As pointed out in the State's brief, defense counsel failed in several respects to make a proper timely record in the lower court. We need not reach these matters as it is sufficiently clear defendant's primary contention is that of insufficiency of evidence to support his conviction.

Code section 321.283 provides:

"Reckless driving. Any person who drives any vehicle in such manner as to indicate either a willful or a wanton dis-

regard for the safety of persons or property is guilty of reckless driving.

"Every person convicted of reckless driving shall be punished upon a conviction by imprisonment for a period of not more than thirty days, or by fine of not less than twenty-five dollars, nor more than one hundred dollars."

■ Regarding the above statutory provisions we have consistently said reckless driving is not an intentional wrong in the sense that resulting harm is intended. The statute is violated by conscious and intentional driving which the driver knows, or should know, creates an unreasonable risk of harm to others. State v. McLaughlin, 250 Iowa 435, 440, 94 N.W.2d 303, 306; State v. Miskell, 247 Iowa 678, 687, 73 N. W.2d 36, 41; State v. Hill, 239 Iowa 675, 679, 32 N.W.2d 398, 400.

■ This matter was tried to the court without a jury. The trial judge filed detailed findings of fact and conclusions of law. The finding of guilt by the trier of fact is binding on us unless we are satisfied it is without substantial support in the evidence or is clearly against the weight thereof. On the issue of insufficiency the evidence and all reasonable inferences therefrom are considered in the light most favorable to the State. State v. Taylor, Iowa, 201 N.W.2d 724, 725; State v. Bone, Iowa, 201 N.W.2d 80, 81, and citations.

Jerry W. Schmehr, Odebolt Chief of Police, was the only witness. He was called by each party. Schmehr testified that about 2:30 a.m., May 28, 1971, while in a bowling lanes parking lot he heard a squealing of tires and loud exhaust noise and then observed defendant's 1964 red Chevrolet accelerating to a high rate of speed from the place it had been parked in front of a residence at 301 Park Avenue in Odebolt. He immediately gave pursuit. Defendant was then driving south on Park. He later found 78 feet of acceleration tire marks from where defendant first started his vehicle. Schmehr further testified defendant drove south to Fourth Street where he made a left turn and with tires screaming used the full street. Defendant then proceeded east one city block where he entered Highway 39 at a high rate of speed without stopping for the stop sign. In making the turn defendant's car lost traction and the rear end went across the center line of the pavement. It thereafter "fishtailed sideways" two or three times and then proceeded south on Highway 39 at 55 miles per hour in a 35 mile zone. The officer then was able to overtake and stop the vehicle. Its driver and sole occupant was defendant.

As a witness called by defendant, Schmehr stated he observed no other vehicles and no pedestrians using the streets at the times involved. He testified Highway 39 is the main street through Odebolt and is heavily traveled. He described generally the houses and other property located along the streets traversed by defendant.

■ We believe all the violations described by Police Chief Schmehr clearly create a fact question as to whether defendant knew or should have known he was creating an unreasonable risk to others and their property. Our review of the record convinces us there was substantial evidence to establish each element of the charge of reckless driving in violation of Code section 321.283. Momentary nonuse of the traveled way by others certainly could not, as a matter of law, excuse defendant's violations.

■ II. Whether defendant had a jury trial in the Justice of Peace Court is not disclosed by the record. In the District Court he went to trial without a jury and for the first time rather incidentally referred to that fact in his motion for new trial. His assigned errors include: "The trial court erred in not affording the defendant a trial by jury." He neither argues nor cites any authority in support of this assignment. We therefore are not under compulsion to entertain this assign-

ment as it is deemed waived. State v. Masters, Iowa, 171 N.W.2d 255, 258, and citations.

█ We however elect to point out a jury trial for nonindictable, petty offenses may be waived. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491; State v. Berg, 237 Iowa 356, 360–363, 21 N.W.2d 777, 779–781, and citations.

█ Code sections 762.15 as made applicable by section 762.48 to trials of nonindictable offenses in the District Court, required defendant to demand a jury trial before any evidence was taken. He made no such demand. He thereby waived any right to a jury trial.

We find no reversible error.

Affirmed.