No. 73–5102. WALLER *v.* FLORIDA. Dist. Ct. App. Fla., 2d Dist. Certiorari denied. Stay order heretofore entered by the Court on June 18, 1973 [412 U. S. 947], vacated.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE DOUGLAS and MR. JUSTICE MARSHALL concur, dissenting.

Convicted by a St. Petersburg Municipal Court of violating local ordinances, in removing a canvas mural from a wall inside the City Hall of St. Petersburg, Florida, and carrying the mural through the city streets, petitioner was subsequently convicted on a charge of grand larceny for the same conduct. We granted certiorari, vacated the latter judgment, and remanded for further proceedings, holding that the state appellate court erred when it ruled that a State and its municipalities were separate sovereigns for purposes of the double jeopardy provisions of the Fifth Amendment, and for that reason rejected petitioner's double jeopardy claim. *Waller* v. *Florida,* 397 U. S. 387 (1970). On remand, the Circuit Court of Pinellas County rejected petitioner's assertion of double jeopardy on grounds— not previously reached by the state courts due to their reliance on the dual sovereignty theory—that the violations of the local ordinances and grand larceny were not the "same offense." The Florida District Court of Appeal, Second District, affirmed the judgment of conviction, 270 So. 2d 26 (1972), and the Florida Supreme Court denied a petition for a writ of certiorari.

At all times it has been conceded that the municipal and state charges arose out of the "same transaction or occurrence." See *Waller* v. *Florida, supra,* at 388. It is my view that the Double Jeopardy Clause of the Fifth Amendment, which is applicable to the States

through the Fourteenth Amendment, *Benton* v. *Maryland*, 395 U. S. 784 (1969), requires the prosecution, except in most limited circumstances, not present here, "to join at one trial all the charges against a defendant that grow out of a single criminal act, occurrence, episode, or transaction." *Ashe* v. *Swenson*, 397 U. S. 436, at 453–454 (1970) (BRENNAN, J., concurring); see *Miller* v. *Oregon*, 405 U. S. 1047 (1972) (BRENNAN, J., dissenting); *Harris* v. *Washington*, 404 U. S. 55, 57 (1971) (DOUGLAS, J., concurring); *Waller* v. *Florida, supra*, at 395 (BRENNAN, J., concurring). Under this "same transaction" test, all charges against petitioner should have been brought in a single prosecution, unless this case fell within one of the test's exceptions. See, *e. g., Ashe* v. *Swenson, supra*, at 453 n. 7, 455 n. 11. I would therefore grant the petition for certiorari and remand for further proceedings not inconsistent with the views expressed in my concurrence in *Ashe* v. *Swenson, supra.*