STATE of Iowa, Appellee,

v.

Leroy James STEWART, Appellant.

No. 56224.

Supreme Court of Iowa.

Nov. 13, 1974.

Rehearing Denied Dec. 12, 1974.

John C. Platt, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., Raymond W. Sullins, Asst. Atty. Gen., and Boyd J. Milroy, County Atty., for appellee.

HARRIS, Justice.

Defendant appeals his manslaughter conviction on the claim of former jeopardy by reason of his prior reckless driving conviction. We affirm.

Leroy James Stewart (defendant) was the driver of an automobile involved in a two car collision September 10, 1971. Two occupants of the other car died as a result. Defendant was charged, tried, and convicted of manslaughter in violation of § 690.10, The Code. At trial the State introduced evidence defendant, who was rendered unconscious in the accident, showed signs of having consumed beer. Evidence of the results of a test of the alcoholic content of defendant's blood were excluded because the attending physician did not certify in advance of withdrawal of the specimen that defendant was unconscious. See § 321B.5, The Code. The ruling excluding evidence of test results is not challenged by the State. But other evidence of defendant's consumption of alcoholic beverages remained in the record and the jury was instructed they could use such evidence in determining whether defendant acted with reckless disregard for the safety of others.

The State offered other evidence of defendant's driving conduct, showing speed and the running of a stop sign. Sufficiency of this evidence to show manslaughter is not challenged.

Defendant's sole assignment challenges the trial court's denial of his affirmative defense of former jeopardy. It is undisputed defendant was previously found guilty of reckless driving by reason of the same accident following his indictment but prior to his trial for manslaughter. Defendant was sentenced to a 30 day jail term for his reckless driving conviction in justice of the peace court. He was sentenced to an indeterminate term of not to exceed eight years upon his manslaughter conviction.

■ I. The right not to be twice tried for the same offense is fundamental. It proceeds from both Amendment 5 of the United States Constitution and from Article I, § 12, of the Iowa Constitution. It is also expressed in § 777.20, The Code.

■ Defendant seeks to invoke his former jeopardy defense on the theory reckless driving is a lesser included offense of manslaughter. In order to claim the defense this would seem a necessary first step. In State v. Cook, 261 Iowa 1341, 1346, 158 N.W.2d 26, 29, we quoted with approval from earlier authorities as follows:

" 'The rule now generally recognized is that, in order that the plea of former jeopardy may be available, it must appear that the two offenses are in substance the same, or of the same nature, or same species, so that the evidence which proves the one would prove the other. If, however, an essential element of one offense is not necessarily present in the other, then there is no former jeopardy, although the same evidence may be offered to sustain the indictment in each case.' (Citations)." See also State v. O'Kelly, 211 N.W.2d 589, 593 (Iowa 1973).

■ Lesser included offenses however are thought to be of the same nature or same species, and under our cases it is well settled a prior trial of a lesser included offense is a bar to prosecution for a greater. State v. Murray, 55 Iowa 530, 8 N.W. 350; State v. Sampson, 157 Iowa 257, 138 N.W. 473; State v. Gowins, 211 N.W.2d 302 (Iowa 1973). See generally 22 C.J.S. Criminal Law § 283(c), pages 741–743; 21 Am.Jur.2d, Criminal Law, § 185, page 241; 40 Am. Jur.2d, Homicide, § 185, pages 469–470.

An exception was formerly applied in a number of states in cases where the lesser included offense had been tried in an inferior court which lacked jurisdiction to consider the greater. The exception was not applied in Iowa. It was expressly rejected in State v. Sampson, supra. Its application was held to be unconstitutional by the United States Supreme Court in Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435.

Defendant's argument reckless driving is a lesser included offense of manslaughter will be considered in the following division.

■ II. In a number of recent cases we have dealt with lesser included offenses.

State v. Hawkins, 203 N.W.2d 555 (Iowa 1973); State v. Habhab, 209 N.W.2d 73 (Iowa 1973); Everett v. Brewer, 215 N.W.2d 244 (Iowa 1974). There are two steps in determining whether one offense is included within another. The first is a consideration of the elements. The lesser offense must be composed solely of some but not all elements of the greater crime. The lesser crime must not require any additional element which is not needed to constitute the greater crime. The lesser offense is therefore said to be *necessarily* included within the greater. See also Barnett, The Lesser-Included Offense Doctrine: A Present Day Analysis for Practitioners, 5 Conn.L.Rev. 255.

■ It is only after the elements of the lesser crime are shown to be necessarily included in the greater crime that a second inquiry is made. The second inquiry is a factual one, undertaken on a case by case basis. It is not involved in this case because we determine the first test is not met. The lesser crime (reckless driving) requires additional elements not needed to constitute the greater crime (manslaughter).

There are three elements to the crime of reckless driving under § 321.283, The Code. They are: (1) the conscious and intentional operation of a motor vehicle (2) in a manner which creates an unreasonable risk of harm to others (3) where such risk is or should be known to the driver. State v. Baker, 203 N.W.2d 795, 796 (Iowa) and authorities.

■ Manslaughter under § 690.10, The Code, is the unlawful unintentional killing of a human being by another without malice express or implied. State v. Boston, 233 Iowa 1249, 1255, 11 N.W.2d 407, 410. We have no vehicular homicide statute in Iowa. But our cases acknowledge manslaughter can be committed by operating a motor vehicle in either of two ways. Manslaughter may result from the reckless operation of a motor vehicle. State v. Wallin, 195 N.W.2d 95, 99 (Iowa 1972); State v. Means, 211 N.W.2d 283 (Iowa 1973). It may result from operating a motor vehicle while intoxicated. State v. Davis, 196 N.W.2d 885, 890 (Iowa 1972).

However under either theory proof of manslaughter requires proof of a fact (resultant death) which the other (either reckless driving or driving while intoxicated) does not. See State v. Cook, supra, and Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309.

III. Early state cases, including our own, must be read in the light of Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). *Benton* held the guarantee under Amendment 5 of the United States Constitution that no person be twice put in jeopardy for the same offense is binding on states. Appellant argues *Benton* therefore contravenes the views heretofore explained and thus necessitates a finding of former jeopardy. We disagree. Subsequent United States Supreme Court cases do not so interpret *Benton*.

In Waller v. Florida, supra, the United States Supreme Court merely rejected the concept of "dual sovereignty," a concept we have said never obtained in Iowa. It should be noted the circuit court, upon remand, rejected Waller's assertion of former jeopardy. The Supreme Court denied cert. on Waller's later petition from that holding. 414 U.S. 945, 94 S.Ct. 256, 38 L.Ed.2d 168.

In Robinson v. Neil, 409 U.S. 505, 93 S.Ct. 876, 35 L.Ed.2d 29, the holding in Waller v. Florida was accorded a retroactive effect. A majority of the court however refused to reverse, pointing out issue was raised as to whether the state and municipal prosecutions involved were actually *for the same* offense. The case was remanded for a determination of that issue. Only a minority of the court wished to apply the "same transaction" test under which all charges should have been brought in a single prosecution.

For a study of the single transaction and various other tests applied in former jeopardy cases see 75 Yale L.J. 262. Res judicata in criminal cases by reason of an acquittal

of a separate offense which is an element of the offense charged raises a separate question not here involved. See Annot., 9 A.L. R.3d 203.

■ We made such a determination in State v. Gowins, supra. We think reckless driving and manslaughter are not the same for former jeopardy purposes.

We approve the following:

"The offense of reckless driving is not the same in law or in fact as, nor is it a lesser degree of, the offense of manslaughter arising out of the operation of a motor vehicle, even though they may arise from the same occurrence or transaction, and consequently an acquittal or conviction of reckless driving will not be a bar to a prosecution for manslaughter arising out of the same facts. Nor will an acquittal or conviction of manslaughter serve as a bar to a prosecution for reckless driving arising out of the same facts. Similarly, an acquittal of reckless driving does not bar a subsequent prosecution for causing the death of another by reckless driving, the offense not being the same." 7 Am.Jur.2d, Automobiles and Highway Traffic, § 343, pages 889–890. See also 22 C.J.S. Criminal Law § 295(2), pages 771–772. Cf. State v. Garcia, 198 Iowa 744, 200 N.W. 201.

We conclude defendant is wrong in claiming reckless driving is a lesser included offense of manslaughter. Neither do we believe the case should be reversed on a claim of former jeopardy because we believe the two offenses were not the same.

Affirmed.

MOORE, C. J., and LeGRAND, REES, and REYNOLDSON, JJ., concur.

McCORMICK, MASON, RAWLINGS and UHLENHOPP, JJ., dissent.

McCORMICK, Justice (dissenting).

I am unable to agree that the federal constitutional right against double jeopardy in a state court is limited by state notions of what constitutes former jeopardy. I be-lieve federal double jeopardy standards control. Benton v. Maryland, 395 U.S. 784, 796, 89 S.Ct. 2056, 2063, 23 L.Ed.2d 707, 717 (1969) ("petitioner's larceny conviction cannot stand once federal double jeopardy standards are applied").

I. The initial question in this case should be: what is the federal standard for determining whether an accused has twice been put in jeopardy for the same offense? The federal "same offense" standard was formulated in Gavieres v. United States, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed.2d 489 (1911). There the court adopted what has been called the "same evidence" test from Morey v. Commonwealth, 108 Mass. 433, 434 (1871):

"A conviction or acquittal upon one indictment is no bar to a subsequent conviction and sentence upon another, unless the evidence required to support a conviction upon one of them would have been sufficient to warrant a conviction upon the other. The test is not whether the defendant has already been tried for the same act, but whether he has been put in jeopardy for the same offense. A single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other."

The United States Supreme Court has maintained this standard despite arguments by some members of that court for "episodic immunity" or a "same transaction" test. See Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); Gore v. United States, 357 U.S. 386, 78 S.Ct. 1280, 2 L.Ed.2d 1405 (1958); Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); State v. O'Kelly, 211 N.W.2d 589, 593 (Iowa 1973), cert. denied, 417 U.S. 936, 94 S.Ct. 2652, 41 L.Ed.2d 240 (1974).

However, in Ashe v. Swenson, supra, the court extended the right where successive

prosecutions are involved by holding collateral estoppel to be part of the constitutional guarantee. And, of course, in Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970), the court rejected the argument that offenses which violate laws of separate sovereigns cannot be the same for double jeopardy purposes. The *Benton, Ashe,* and *Waller* decisions have broadened federal double jeopardy standards and demonstrate those standards are fully applicable in state prosecutions. State v. Brown, 262 Or. 442, 497 P.2d 1191 (1972).

II. The next question should be: under federal standards was defendant in this case twice put in jeopardy for the same offense? The majority opinion seems to limit the "same offense" concept to situations where offenses are identical or where one is "necessarily included" within the other under Iowa law. I do not believe the federal constitutional right against double jeopardy is dependent upon Iowa's standard for determining what constitutes an included offense.

Under Iowa law, for the reasons noted in the majority opinion, the crime of reckless driving is not "necessarily included" in the crime of manslaughter. Yet, when one is prosecuted under our manslaughter statute for a motor vehicle homicide, we have recognized only two "unlawful acts" which the State may rely on. One is reckless operation of the motor vehicle and the other is operation of the motor vehicle under the influence of an alcoholic beverage. State v. Kellison, 233 Iowa 1274, 11 N.W.2d 371 (1943).

When recklessness is the basis of the prosecution it is necessary for the State to prove the defendant directly caused the death of another by driving recklessly in violation of Code § 321.283. Recklessness becomes an essential element of a charge predicated on that basis. State v. Wallin, 195 N.W.2d 95, 99 (Iowa 1972); State v. Boner, 186 N.W.2d 161, 166–167 (Iowa 1971); State v. McLaughlin, 250 Iowa 435, 94 N.W.2d 303 (1959); State v. Graff, 228 Iowa 159, 290 N.W. 97 (1940), and citations.

Proof of reckless driving and proof of manslaughter based on the same reckless driving depend upon the same law and facts.

Double jeopardy occurs when a person is twice put in jeopardy for the same offense. Offenses are the same when one is an essential ingredient of the other. See Harris v. United States, 359 U.S. 19, 79 S.Ct. 560, 3 L.Ed.2d 597 (1959); Blockburger v. United States, supra; Ex Parte Nielsen, 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118 (1889). When a manslaughter charge is based on recklessness in the operation of a motor vehicle, recklessness becomes an essential ingredient of the offense. Proof of manslaughter on that basis necessarily proves recklessness. Successive prosecutions for recklessness and manslaughter based on the same recklessness present a classic situation for application of the federal double jeopardy "same offense" standard. The accused is wrongly subjected to jeopardy twice for the same reckless driving. Unlike the situation in State v. Cook, 261 Iowa 1341, 158 N.W.2d 26 (1968), each offense does not require proof of an element not required for conviction of the other.

In the present case the plea of former jeopardy should have been sustained to the extent the manslaughter charge was predicated on reckless driving. It should have been overruled to the extent the manslaughter charge was predicated on the alternative basis of operating the motor vehicle under the influence of an alcoholic beverage.

The record shows both bases were submitted to the jury, but the ground of the verdict does not appear. Since the verdict may have rested on the recklessness basis, the case should be reversed. State v. Means, 211 N.W.2d 283 (Iowa 1973). Upon remand, the State would be free to try defendant for manslaughter on the alternative basis alone.

I would reverse the case.

MASON, RAWLINGS and UHLENHOPP, JJ., join in this dissent.