**STATE of Iowa, Appellee,**

v.

**Mack KING, Jr., Appellant.**

**No. 56913.**

Supreme Court of Iowa.

Jan. 22, 1975.
Rehearing Denied March 14, 1975.

Harold C. Lounsberry, Davenport, for appellant.

Richard C. Turner, Atty. Gen., Jim P. Robbins, Asst. Atty. Gen., and Edward N. Wehr, County Atty., for appellee.

Heard by MOORE, C. J., and MASON, UHLENHOPP, REYNOLDSON and McCORMICK, JJ.

MOORE, Chief Justice.

Defendant, Mack King, Jr., appeals from conviction and sentence for the crime of robbery with aggravation, in violation of Code section 711.2. We affirm.

On the evening of July 7, 1973 an armed robbery occurred at the Medd-O-Lane Dairy in Davenport, Iowa. Early the next morning a second armed robbery occurred at Cal and Bob's Supermarket, also in Davenport. A victim of the second robbery provided a license plate number and description of the car used by the robber to flee the scene of the crime. Shortly thereafter defendant was apprehended while driving his automobile, which closely matched that description and which bore an almost identical license plate number. Search of the automobile produced evidence further implicating defendant in the robberies. A white paper sack of many coins such as taken in the dairy robbery was found in defendant's automobile.

On July 31, 1973 three county attorney's informations were filed, each charging defendant with the crime of robbery with aggravation in violation of Code section 711.2. The Medd-O-Lane Dairy armed robbery information was docketed as criminal number 16733. The information which charged defendant with armed robbery of the Clayton Motel was docketed as criminal number 16734. The record discloses little concerning this matter. The information, docketed as criminal number 16735 charged the defendant with armed robbery of Cal and Bob's.

Defendant was first tried for the Cal and Bob robbery and was acquitted by jury verdict. He was then brought to trial for the armed robbery of Medd-O-Lane, was found guilty, and thereafter sentenced to serve a term of not to exceed 25 years in the state penitentiary. From this conviction and sentence, defendant has appealed. As we point out infra some of defendant's assigned errors involve issues not raised in the trial court. Ordinarily matters not raised in the trial court, including constitutional questions, cannot be effectively asserted for the first time on appeal. State v. Ritchison, Iowa, 223 N.W.2d 207, 213; State v. Lyon, Iowa, 223 N.W.2d 193, 194 and citations.

I. Defendant first asserts the trial court erred in denying his motion to dismiss based on Code section 795.2, frequently referred to as our speedy trial statute. He claims no "good cause" was shown to justify delay of his trial beyond 60 days from the filing of the county attorney's information. The record demonstrates defendant was the primary cause of the delay.

As previously stated, the information leading to the conviction now on appeal and two other informations were filed July 31, 1973. Trial for the armed robbery of Cal and Bob's, criminal number 16735, was set to commence September 17, 1973. On September 5, 1973 defendant filed a notice of alibi witnesses and motions to suppress, to inspect physical evidence, for return of seized property and for a bill of particulars. The State filed a motion for continuance of number 16735 which was granted on September 13, 1973 for the reason defendant's motions could not be set, heard and ruled upon prior to September 17, 1973, the scheduled trial date. Trial of that charge, number 16735, commenced October 15, the earliest open trial date after disposition of the motions. On October 18, 1973 defendant was acquitted by a jury verdict.

On October 23, 1973 defendant filed a motion to dismiss the Medd-O-Lane charge (number 16733) pursuant to Code section "795.5", on the basis 60 days had elapsed since the information was filed, and trial had not commenced. Like the trial court we consider the motion as having been made under the provisions of section 795.2.

The State filed its resistance, and the trial court denied defendant's motion to dismiss for the following reasons: (1) delay of the first trial beyond the 60-day period allowed under section 795.2 was required in order to provide ample time to consider defendant's pretrial motions in that case; (2) the court docket was congested during the months of August through November, preventing earlier disposition of the cases and (3) defendant was entitled to separate trials on each information before different jury panels, and since defendant and his counsel were engaged in the jury trial of the first cause during October, his second trial could not be set to commence any earlier than November 13, the date a new jury panel was to be called.

■ Defendant caused delay of his first trial by filing many pretrial motions which could not be resisted, heard and ruled on within the 12 days remaining before scheduled trial date. Having caused that delay, defendant can not rely on it to invoke the provisions of section 795.2. State v. LaMar, Iowa, 224 N.W.2d 252, filed December 18, 1974; State v. Shockey, Iowa, 214 N.W.2d 146, 151; McCandless v. District Court, 245 Iowa 599, 606, 607, 61 N.W.2d 674, 678; Pines v. District Court, 233 Iowa 1284, 1291, 10 N.W. 574, 579; Cf. Barker v. Wingo, 407 U.S. 514, 529, 92 S.Ct. 2182, 33 L.Ed.2d 101, 116. See also, 21 Am.Jur.2d, Criminal Law, section 252.

■■ Nor can defendant complain of delay of his second trial beyond the 60-day period fixed by section 795.2. The information filed July 31, 1973, charged defendant with three separate offenses which did not arise out of the same transaction and therefore could not have been joined in one information. Code sections 773.36 and 773.37. Cf. State v. Hunley, Iowa, 167 N.W.2d 645, 646, 647; State v. Cook, 261 Iowa 1341, 1348, 158 N.W.2d 26, 30, (there is no constitutional prohibition against the State's prosecuting different offenses at consecutive trials). The second trial was properly delayed until a new jury panel was selected. Such delay protected defendant's right and that of the State to an impartial jury. Delay which results from other proceedings concerning the defendant, including trial of other charges, should be considered in determining whether good cause exists. ABA Standards, Speedy Trial, section 2.3(a) (and comment). Cf. People v. Collins, 388 Mich. 680, 202 N.W.2d 769, 774; Gerberding v. United States, 8 Cir., 471 F.2d 55, 61.

■ Delay of the second trial was directly attributable to defendant. Trial court properly denied his motion to dismiss.

II. Defendant next asserts admission of evidence, introduced during State's rebuttal, implicating him in the robbery of Cal and Bob's Supermarket placed him " * * in jeopardy for transactions previously placed before another jury." Examination of the abstract of record and the trial tran-

script reveals that issue was not properly or timely raised in the trial court.

During pretrial hearing on defendant's motions, the trial court cautioned both counsel not to mention the Cal and Bob's robbery by name or by a prior robbery.

Defendant testified on direct examination regarding his activities on the night of July 7, the night of Medd-O-Lane robbery. He stated he left an Illinois race track at 10:30 P.M. and went to Percy's and other nightclubs in East Moline. During cross-examination the prosecutor asked defendant what happened after he left Percy's. Over defendant's materiality objection defendant stated he became engaged in a fight in which he received a shotgun wound and an injured hand.

On redirect examination defendant was asked by his counsel what questions were asked by the police officers who stopped him the following morning. Defendant stated they asked him about a robbery of Cal and Bob's Supermarket. He further stated he had been tried and acquitted on the Cal and Bob robbery charge.

The State presented extensive evidence in an attempt to demonstrate defendant received the gunshot and hand injury in the Cal and Bob robbery and not in a fight as he had testified. No objection was made to the testimony of the first such rebuttal witness. During examination of the next witness, an officer participating in the Cal and Bob investigation, defense counsel objected on the ground that reference to the Cal and Bob robbery was not material. The court overruled this and subsequent similar objections on the ground the evidence was obviously for impeachment purpose and therefore admissible.

It is apparent from the record defendant failed to make proper and timely objection to alert the trial court of any claim of double jeopardy or collateral estoppel which he now argues.

■ The rule is well established that failure to object to evidence or move to strike the same at the time the record is made and when the grounds for objection or motion to strike are first apparent precludes the party from asserting on appeal admission of evidence was error. State v. Jewett, Iowa, 219 N.W.2d 559, 560; State v. Canada, Iowa, 212 N.W.2d 430, 432; State v. Williams, Iowa, 207 N.W.2d 98, 109; State v. Binkley, Iowa, 201 N.W.2d 917, 919. Application of this rule bars consideration of double jeopardy or collateral estoppel for the first time on this appeal.

■ III. It must be noted also the first specific mention of the former trial came during defense counsel's examination of his client. Defense counsel ignored trial court's prior warning that any mention of the prior trial would open the matter. Any error in the introduction of rebuttal evidence was invited by defense counsel's inquiry regarding the prior robbery. He cannot complain of rebuttal evidence in reference thereto. State v. Martin, Iowa, 217 N.W.2d 536, 544; State v. Morrison, Iowa, 183 N.W.2d 696, 699; State v. Sage, Iowa, 162 N.W.2d 502, 504.

IV. Defendant also asserts the trial court erred in denying his motion to quash the jury panel because of the absence of black jurors.

In his motion to quash the jury panel defendant contended the panel was not representative of the citizens of Scott County, and that the representation of blacks on the panel was reduced by the systematic failure to enforce the attendance of black jurors and systematic excusing of black jurors from the panel. On appeal he contends the fact no blacks were on the jury panel established a prima facie showing of racial discrimination, and that burden of proof thus shifted to the State to come forward with evidence to overcome that showing. Apparently he further argues the trial court erred in ruling on his motion without first holding a hearing. He did not raise the latter issue in the trial court.

"A defendant in a criminal prosecution is entitled to an impartial jury. Iowa

Const. Art. I, § 10; U.S.Const. Amend. VI. This clause in the Sixth Amendment to the United States Constitution applies to the states through the Fourteenth Amendment. Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776. If systematic and intentional exclusion of an identifiable eligible group prevents a jury from being representative of the community, a defendant is denied his right to a proper jury. Ballard v. United States, 329 U.S. 187, 67 S.Ct. 261, 91 L.Ed. 181." State v. Knutson, Iowa, 220 N.W.2d 575, 577.

 A criminal defendant's right to an impartial jury does not guarantee representation of his race on the jury panel. One contending he has been denied that right carries the burden to come forward with evidence showing systematic exclusion of an identifiable eligible group from the jury panel. Apodaca v. Oregon, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184, 193; Swain v. Alabama, 380 U.S. 202, 203–205, 85 S.Ct. 824, 827, 13 L.Ed.2d 759, 763, 764. (" * * * purposeful discrimination may not be assumed or merely asserted. (Citations). It must be proven, * * *."). Defendant failed to carry his burden in trial court and can not now be heard to complain. See Annot., 33 L.Ed.2d 783 et seq.; Annot., 1 A.L.R.2d 1291.

 V. Another of defendant's many claims asserts the trial court erred in allowing the county attorney to amend the information after the jury had been impaneled. The amended information alleged the robbery occurred on July 7 rather than July 3 as originally charged, and since defendant had prepared an alibi defense for July 3, he claims prejudice resulted in that he was forced to locate new witnesses in a short period of time. The record reveals trial court offered to continue the case, but defendant rejected the offer against the advice of his counsel. Rather than cite authority for his contention, defendant states:

"Offering the opportunity of a continuance to a defendant who had already been in jail four months was a shallow and empty gesture. * * * Such an offer could never rectify the damage already done to the defense."

While failure to cite authority could preclude review of this assignment of error, State v. Mattingly, Iowa, 220 N.W.2d 865, 871, reference to Code sections 769.12 and 773.43, and State v. Young, Iowa, 172 N.W.2d 128, 129, 130, demonstrates the contention is not supported by the law of Iowa.

VI. Defendant also contends trial court erred in admitting the testimony of Bobby Marcussen, a witness for the State, since minutes of her testimony were neither filed with the information nor was notice of additional testimony *filed* four days prior to trial.

The Clerk's Transcript and Shorthand Reporter's Transcript reveal defendant was served with the additional minute of testimony on November 9, 1973, but proof of that service and a copy of that minute of testimony were not filed until November 14, after defendant had made his initial objection to Marcussen's testimony.

Trial court overruled any objections to Marcussen's testimony for two reasons: 1) Defendant's objection came after she had given some testimony, and was therefore too late, and 2) Proof of service filed November 14, revealed the additional minute of Marcussen's testimony was served on defendant November 9, which was within the statutory period, and the date of service controls, not the date of filing.

 The second reason given is sound. Service was November 9. Trial commenced on November 13, 1973. Notice was served within the four-day time limitations of Code section 780.10. Code section 4.1(23); State v. Bradley, Iowa, 254 Iowa 211, 116 N.W.2d 439, 442, 443.

 Defendant would read Code section 769.4, requiring *filing* of minutes of testimony with the information, together with Code section 780.10, requiring *service* of a

notice of additional minutes of testimony on defendant or his attorney four days prior to commencement of trial. No authority is provided to support this argument. Indeed, the argument runs directly in the face of the letter of section 780.10, which requires only that notice " * * * shall have given to the defendant, or his attorney of record if the defendant be not found within the county * * *." This statute requires service, not filing.

VII. Defendant's remaining assignment of error which we believe requires specific consideration is his assertion the trial court erred in refusing to suppress testimony and exhibits relating to identification of defendant. Defendant's pretrial motion raised admissibility of testimony relating to the line-up in which he participated, identification testimony and articles seized from his automobile at the time of his arrest.

The only authority cited by defendant in support of his assignment of error relates to the out-of-court identification. On the merits we believe the trial court's ruling upholding the out-of-court procedure was right. See State v. Hendren, Iowa, 216 N.W.2d 302. We are under no compulsion to review his other contentions because he has cited no authority to support them. State v. Mattingly, Iowa, 220 N.W.2d 865, 891.

VIII. Defendant's other contentions, although not specifically referred to, have been considered and found to be without merit.

We find no reversible error. The lower court judgment must be affirmed.

Affirmed.