**Gilbert T. BALLEW, Plaintiff in Error,**

v.

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

April 24, 1973.

Certiorari Denied by Supreme Court Aug. 6, 1973.

Wanda Faye Ballew McKinney, the defendant's 14-year-old married daughter, testified that he had begun sexual relations with her when she was nine or ten years old and that she could not count the numerous occasions of illicit relations since that time. She contended he had threatened to beat her. She and an aunt testified that at age 13 she went to a doctor to see if she was pregnant but the doctor declined to examine her.

Wanda testified she married to get away from home and that her last illicit relations occurred with the defendant in April 1972, after her marriage. She says her younger brother was in a car outside a house when the defendant had intercourse with her against her will. She says she reported his advances to her mother on several occasions.

The defendant did not testify. His wife, mother of Wanda, and their two daughters, Catherine Ann Bailey, age 17, and Thelma Ballew, age 13, refute Wanda's claims that her father made any improper advances to her. Catherine Bailey denied completely Wanda's claim that her father had illicit relations with her (Catherine Bailey). The substance of the testimony of closest members of the family is that Wanda is not worthy of belief and that no acts of incest occurred. These witnesses all testify that they saw nothing improper in the defendant's conduct toward Wanda.

William A. Largen, Dresden, for plaintiff in error.

David M. Pack, Atty. Gen., Weldon B. White, Jr., Asst. Atty. Gen., Nashville, Fleming Hodges, Dist. Atty. Gen., Othal Smith, Jr., Asst. Dist. Atty. Gen., Dyersburg, for defendant in error.

The defendant contends that by the testimony in the case Wanda was an accomplice and there is no corroboration of her testimony.

The state urges that she was not an accomplice but that, if so, there was sufficient corroboration of her testimony.

## OPINION

WALKER, Presiding Judge.

The defendant, Gilbert T. Ballew, was convicted of incest in Weakley County and sentenced to 5 to 21 years in the penitentiary. From this sentence he appeals in error to this court.

We think Wanda was an accomplice. If a female consents to the crime of incest, she is an accomplice; and a conviction cannot be had on her unsupported testimony. As we have seen, Wanda claimed that she could not count the number of

times she had had sexual intercourse with the defendant over a period of years. This required corroboration of her testimony. See Scott v. State, 207 Tenn. 151, 338 S.W.2d 581; Sherrill v. State, 204 Tenn. 427, 321 S.W.2d 811.

To sufficiently corroborate the testimony of an accomplice, there should be some fact testified to, entirely independent of the accomplice's evidence, which, taken by itself, leads to the inference, not only that a crime has been committed, but also that the defendant is implicated in it. See Scola v. State, Tenn.Cr.App., 474 S.W.2d 144.

In corroboration the state offered the testimony of two of Wanda's aunts and her husband, Robert Dale McKinney, age 18. These aunts were infrequent visitors in the home and testified that the defendant touched Wanda's breasts and legs two or three times in their presence. One of these occasions occurred when Wanda was 11 or 12 years old. The husband tells that the defendant put his hands on Wanda's legs when he visited them. This testimony of these witnesses does not show acts of undue familiarity which would lead the guarded discretion of a reasonable man to believe in the existence of an incestuous disposition between the parties involved and is too remote and insignificant for corroboration of the accomplice. Demonstrations of affection must be considered by the jury in the light of the kinship of the parties.

We find the accomplice is not corroborated and this assignment is sustained. We likewise find that the evidence preponderates against the verdict of guilt and the assignments on the weight of the evidence are sustained.

The judgment is reversed and the case is remanded for a new trial.

OLIVER and O'BRIEN, JJ., concur.