**Carl V. BRAY, Appellant,**

v.

**STATE of Tennessee, Appellee.**

Supreme Court of Tennessee.

March 4, 1974.

Richard Korsakov, Chattanooga, for appellant.

David M. Pack, Atty. Gen., William C. Koch, Jr., Asst. Atty. Gen., Nashville, Edward E. Davis, Dist. Atty. Gen., Gary Gerbitz, Asst. Dist. Atty. Gen., Chattanooga, for appellee.

OPINION

W. M. LEECH, Special Justice.

Petitioner, Carl V. Bray, was charged, tried, found guilty and fined $50.00 in the East Ridge, Tennessee City Court for "prowling" in violation of a city ordinance on August 14, 1967. He made a timely *de novo* appeal to the Criminal Court of Hamilton County, from which the court found for the city and fined petitioner $2.-00 plus costs on May 13, 1968. On October 4, 1967, prior to the trial *de novo*, the Hamilton County Grand Jury returned an indictment against petitioner for attempting to commit a felony. Subsequently, on

April 24, 1969, petitioner entered a guilty plea to the State charges of attempting to break and enter the Buena Vista Motel with the intent to steal. Both the prowling conviction in the city court and the subsequent state conviction were based on the same acts.

On October 4, 1971, Bray filed his petition for postconviction relief, contending that his state conviction violated his right not to be twice placed in jeopardy for the same offense because he had previously been convicted of the same offense in another division of the Criminal Court. The Criminal Court denied his petition and the Court of Criminal Appeals affirmed the judgment of the Criminal Court. The issue before this Court is whether the petitioner has been unconstitutionally placed in jeopardy twice for the same offense.

Petitioner primarily bases his double jeopardy contention on Waller v. Florida, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970), in which the United States Supreme Court held that a conviction in a municipal court constitutes jeopardy and one may not be convicted subsequently of a state charge based on the same offense.

The determinative question in the case sub judice is: Did the petitioner's conviction and the imposition of a two dollar fine for "prowling" in violation of the city ordinance, bar a subsequent indictment upon the state charge of "attempting to break and enter the Buena Vista Motel with the intent to steal?"

In order to resolve this question, we must look to the city ordinance and to the indictment to determine whether or not the "prowling" ordinance was a lesser and included offense to the charge of attempting to commit a felony.

The ordinance reads as follows:

"It shall be unlawful for any person to prowl or wander about the streets, alleys, or other public or private ways or places or be found abroad at late or unusual hours in the night without any visible or lawful business and when unable to give a satisfactory account of himself."

Just what acts would constitute a violation of the above ordinance we are not prepared to say. Without doubt, much more is required to indict for "attempting to commit a felony" than to convict under the ordinance, if it can be said that the ordinance is a valid description of any offense.

In *Waller*, the Court said:

"We act on the statement of the District Court of Appeal that the second trial on the felony charge by information 'was based on the same acts of the appellant as were involved in the violation of the two city ordinances' and *on the assumption that the ordinance violations were included offenses of the felony charge.* Whether in fact and law petitioner committed separate offenses which could support separate charges was not decided by the Florida courts, nor do we reach that question. What is before us is the asserted power of the two courts within one State to place petitioner on trial for the *same alleged crime.*" (Emphasis added)

Thus it is clear that *Waller* went no further than to hold that the doctrine of dual sovereignties and multiple prosecutions within the same state violates the provision of the Federal Constitution, and remanded the case to the Florida Courts. In the Florida Court the defendant was again convicted of grand larceny and upon appeal the Florida Court said:

"It seems to us that the determining ingredient of this case at this time is whether or not the municipal court charges of breach of the peace and malicious destruction of city property *were lesser and included offenses* of the state charge of grand larceny. We hold that they definitely were not such included offenses and that no legal impediment prevents the prosecution of Waller on the state charge."

\* \* \* \* \* \*

"Analyzing the broad spectrum of the high Court's opinion, we are impelled to the conclusion that what that Court was aiming at was to definitely abolish the dual sovereignty theory as between States and municipalities wherein each is capable of imposing punishment for the same *crime*. This would be in keeping with that Court's traditional function of deciding fundamental constitutional rights rather than merely reaching a decision in an adversary lawsuit."

Waller v. State, (Fla.App.) 270 So.2d 26 (1973), (Cert. denied by U. S. Supreme Court on Oct. 15, 1973, 414 U.S. 945, 94 S.Ct. 256, 38 L.Ed.2d 168).

We agree with this interpretation of *Waller*.

Recently, in Duchac v. State, 505 S.W.2d 237 (Tenn.1973), we stated that:

"the majority rule and clearly the rule in Tennessee is that the 'same transaction' test is not the law, rather the proper test is directed to the identity of the offense and has been called the 'same evidence' test." (Citations omitted).

"Simply stated the test is that:

" '. . . A defendant has been in jeopardy if on the first charge he could have been convicted of the offense charged in the second proceeding.

" 'One test of identity of offenses is whether the same evidence is required to prove them. If the same evidence is not required, then the fact that both charges relate to, and grow out of, one transaction, does not make a single offense where two are defined by the statutes.

" 'If there was one act, one intent, and one volition, and the defendant has been tried on a charge based on that act, intent, and volition, no subsequent charge can be based thereon, but there is no identity of offense if on the trial of one offense proof of some fact is required that is not necessary to be proved in the trial of the other, although some of the same acts may necessarily be proved in the trial of each.' " (Citations omitted).

If the "prowling ordinance" can be construed as constituting an offense or a crime, which we seriously doubt, it certainly is not the same offense as attempting to commit a felony nor a lesser included offense. The felony charge requires criminal intent accompanied with some overt act or acts committed to accomplish that design. The "prowling" ordinance requires no such intent and in reality no more than a restatement of our archaic vagrancy statute.

■ The felony indictment being regular on its face and returned by a grand jury having jurisdiction, there is a presumption that evidence was presented to the grand jury of the intent and overt acts necessary to establish the felony. To this charge the defendant entered a plea of guilty. The factual situation of the record supports the felony conviction.

Both the Constitutions of the United States and the State of Tennessee prohibit any person from being twice placed in jeopardy for the same "offense", and to accept petitioner's insistence would for all practical effect require rewriting both constitutions and substituting the word "episode" or "transaction" for the word "offense."

■ The term "jeopardy" refers to the danger of conviction and punishment to which an accused may stand subjected in a criminal case. The objectives of protection against double jeopardy are as follows:

(1) To prevent undue harassment of accused criminals with anxieties and the expense of repeated prosecution and the expense of repeated prosecution for the same offense;

(2) To eliminate the likelihood that innocent persons, accused of a crime, may be convicted solely because of repeated prosecution;

(3) To achieve certainty, reliability, and respect for the judicial process;

(4) To assure the finality of judgments and give to final judicial determinations the full force and effect of res adjudicata;

(5) To avoid the imposition of multiple and increased punishment for a single offense, thereby circumventing subsequent legislative enactments regarding the punishment imposed for specific crimes.

■ In the instant case, all of the above objectives were reached and the petitioner was not prejudiced. We therefore affirm the result reached in both the Criminal Court for Hamilton County and the Court of Criminal Appeals.

DYER, C. J., and CHATTIN, Mc-CANLESS and FONES, JJ., concur.