Edward Earl ARRINGTON and Charles Odysseus Barrett, Appellants,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Dec. 28, 1976.

Certiorari Denied AS TO ARRINGTON by Supreme Court March 28, 1977.

Bruce E. Kelley, Jr., Asst. Public Defender, Dan H. Bell, Memphis, for appellants.

R. A. Ashley, Jr., Atty. Gen., John F. Southworth, Jr., Asst. Atty. Gen., Nashville, James W. Harrison and David E. Bales, Asst. Dist. Attys. Gen., Memphis, for appellee.

## OPINION

DWYER, Judge.

The appellants, Arrington and Barrett, appeal from their convictions for the offense of robbery with a deadly weapon charged in three separate indictments which were consolidated for trial. The jury found both appellants guilty in all three cases and assessed punishment at confinement for twelve and one-half years in the State Penitentiary for each offense. The trial court ordered the sentences to be served concurrently.

There are five assignments of error which are outlined: (1) the evidence preponderates against the verdict of the court and in favor of the appellants; (2) the court erred in charging the jury as to Tennessee Code Sections, relating to parole eligibility and good and honor time credits; (3) the court erred in overruling the Motion to Suppress Evidence obtained as a result of an illegal arrest and search, filed on behalf of the codefendant, Charles Barrett, Jr., which motion the appellant, Edward Earl Arrington, joined in and noted his excep-

tions to the court's ruling; (4) the court erred in overruling appellant Arrington's Motion for Severance, based on his desire to accept the guilty plea recommendation of the State; and (5) the court erred in allowing, over appellant Arrington's objection, the testimony of Captain J. H. Dowling, a State's witness who was not listed on the indictment. The appellant Barrett adopts Arrington's first three assignments of error which are consistent with his motion for a new trial.

We will, in view of the first assignment of error, summarize the evidence as found from our review of this record.

The robberies occurred in the early morning hours of November 23, 1974, at the intersection of Thomas and Arrington Streets located in the City of Memphis. The three victims, Walter Wilson and Marjorie and Curtis Jackson, had been out socializing earlier in the evening. When Walter Wilson drove up to Marjorie's house to let her out, a black male dressed in a blue Levi jacket came from across the street, cursed Wilson, reached through the open car window and struck him two or three times. A second male black placed and object that looked like a rifle or a pistol into the back seat of Wilson's car and ordered Curtis and Marjorie to get out. This black struck Curtis in the head which caused him to black out. Marjorie, as she was alighting, was struck on the back with something she described as a metal object. She testified that one of the assailants was wearing a blue Levi jacket and one an orange and green coat. The robber wearing the orange and green jacket made Mr. Wilson put his hands on the car and took his money after striking Wilson on the side of the head and then striking him in the eye. The assailants took from Wilson his billfold which contained $91.30, his social security card, driver's license and other papers. They took from Curtis Jackson his billfold, some change, keys and a cigarette lighter. They took from Marjorie Jackson some of her papers and ten dollars in cash. A third black male who participated in these robberies was wearing a blue windbreaker jacket.

Curtis had his landlady make a prompt complaint to the police when he fled the scene and entered his home only half a block away. A call reporting the robberies while they were in progress had previously been made to the police by an unidentified observer.

The arresting officers were within a block and a half of the scene when the report of the robberies was broadcast and they immediately headed their squad car to that location. A few seconds later they noticed a car coming from that vicinity with the dome light on and a male black in the rear taking off his coat. There were two other black males in the front seat. When the police officers blocked the progress of this car, the male black in the back appeared to be stuffing something under the seat. As one of the officers approached the car, he noticed a tire iron on the back seat. When the men were ordered from the car, a second broadcast informed the officers that the assailants in the robberies were black and armed with a pistol or a knife or a tire tool.

A search of the car uncovered the billfolds of Wilson and Curtis Jackson, one of the wallets was under the rear seat, the other one was wrapped up in a green and orange coat found under the front seat, a blue windbreaker was found on the front seat. The driver of the car, Barrett, had on a blue-jean type jacket. Arrington was in the back seat and was the one taking off the orange and green coat.

The three victims were unable to identify the three assailants at a police lineup.

The appellant Barrett testifying in his own behalf denied participating in the robberies and stated that the dome light in his car did not work at that time. The appellant Arrington did not testify. The third member, Charles Venson's appeal is not before the court.

 We think that, while the victims could not identify the appellants at the

lineup, the evidence as narrated is sufficient to sustain these convictions. The appellants were arrested within minutes of the robberies a short distance from the scene. The wallets, the tire tool, and the described garments found in the car are enough circumstantial evidence to support the verdicts. The appellants have the burden here to show that the evidence preponderates against their guilt and in favor of their innocence. *Osborne v. State*, Tenn.Cr. App., 512 S.W.2d 612, 616 (1974). The first assignment of error is overruled.

The *Farris v. State*, Tenn., 535 S.W.2d 608 (1976) rationale is that "every tub must stand on its own bottom". We think in view of the violence involved that the charge on the parole statute was harmless error. The second assignment of error is overruled.

We think the facts summarized in our review are adequate to support finding probable cause for stopping the appellants and a reasonable belief in the minds of the officers that they were involved in the robberies and were fleeing the scene; as stated in *Jones v. State*, 161 Tenn. 370, 373, 33 S.W.2d 59, 60 (1930):

> "The substance of these provisions is that an officer may lawfully proceed to arrest without a warrant any person when the officer has, with reasonable cause, been led to belief that the person has committed, is committing, or is about to commit a felony. It is essential to the protection of society that a wide discretion be vested in the officers chosen to enforce our laws against felonies. It is impossible to define 'reasonable cause' in terms to fit all cases arising. Each case must stand on its own facts. A narrow construction would open the way for the escape of desperate criminals and the defeat of justice. One too liberal would lead to the harassment of the innocent. But the officer may not be required to wait for assurance, for evidence which would convict; when circumstances fairly point to

a felony it is his duty to act, and act promptly."

The arrests being legal, the contemporaneous search was proper. We find the evidence supports the trial court's overruling the motion to suppress. This assignment is overruled.

Appellant Arrington's motion to sever based on his desire to accept the State's offer and plead guilty, absent any evidence showing that he was prejudiced by the court overruling his motion, is without merit. The matter of severance is within the sound discretion of the trial court. *Hoskins v. State*, Tenn.Cr.App., 489 S.W.2d 544 (1972). We find no abuse of that discretion. This assignment is overruled.

The police dispatcher, who was custodian of the police broadcast tapes and records, was called as a witness for the State, to relate the different broadcasts communicated concerning these holdups and the time sequences thereof. While it was error to allow his testimony with his name not on the indictments, T.C.A. 40–2407, has been held to be directory. *Aldridge v. State*, 4 Tenn.Cr.App. 254, 470 S.W.2d 42 (1971). With the appellants being aware of the broadcasts from the pretrial hearing on the motion to suppress and the testimony of the arresting officer, we find no prejudice here. The assignment is overruled.

The assignments of error having been considered and found without merit, the judgment of the trial court is affirmed.

WALKER, P. J., and TATUM, J., concur.