**STATE of Tennessee, Petitioner,**

v.

**John Paul CLOUD, Respondent.**

Supreme Court of Tennessee.

Oct. 15, 1979.

R. Jerome Shepherd, Cleveland, for petitioner.

Robert L. Jolley, Jr., Asst. Atty. Gen., William M. Leech, Jr., Atty. Gen., Nashville, for respondent.

## OPINION

COOPER, Justice.

Certiorari was granted in this case to consider petitioner's plea of double jeopardy, which was rejected by the courts below.

This prosecution was precipitated by the petitioner's arrest for driving while intoxicated and driving without a license. At the time of his arrest, the petitioner was subject to certain restrictions imposed under the Motor Vehicle Habitual Offenders Act, T.C.A. § 59–2101 et seq. These restrictions, in substance, prohibited him from driving within the state and from holding a Tennessee driver's license. The incident resulted in the petitioner's indictment for the violation of three statutes: T.C.A. § 59–709, which prohibits driving without a license in his possession; T.C.A. § 59–1031, which prohibits driving while intoxicated; and T.C.A. § 59–2116, which prohibits operation of a motor vehicle by one subject to the restrictions, noted above, imposed under the Motor Vehicle Habitual Offenders Act. Ultimately, the petitioner pled guilty to the charges brought under T.C.A. § 59–709 and § 59–1031, and was sentenced accordingly. He then sought to interpose a plea of double jeopardy, based upon those convictions, to his prosecution for the violation of T.C.A. § 59–2116. Upon the rejection of his claim by the trial court, the petitioner pled guilty to that charge, reserving the right to appeal the decision on the double jeopardy question. That decision was affirmed by the Court of Criminal Appeals.

The protections against double jeopardy afforded by the state and federal constitutions bar the prosecution for a given offense of one who already stands convicted of a crime included within that offense. See, e. g., Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); State v. Black, 524 S.W.2d 913 (Tenn.1975). That is precisely the situation presented here. The relevant statutes provide in part:

T.C.A. § 59–709: Every licensee shall have his operator's . . . license in

his immediate possession at all times when operating a motor vehicle and shall display the same, upon demand [of an appropriate officer] . . . . Every licensee operating a motor vehicle in violation of this section shall be guilty of a misdemeanor . . . .

T.C.A. § 59–2116: It shall be unlawful for any person to operate any motor vehicle . . . while the judgment or order of the court prohibiting the operation remains in effect. Any person found to be an habitual offender under the provisions of this chapter who thereafter is convicted of operating a motor vehicle in this state while the judgment or order of the court prohibiting such operation is in effect, shall be guilty of a felony . . .

The "judgment or order" to which T.C.A. § 59–2116 refers is that issued under the provisions of T.C.A. § 59–2113 of the Habitual Motor Vehicle Offenders Act, which states that if the court finds that an individual is an "habitual (motor vehicle) offender," it shall order "that such person shall not operate a motor vehicle on the highways of this state and that such person shall surrender to the court all licenses to operate a motor vehicle upon the highways of this state." T.C.A. § 59–2115 provides that no license shall be reissued to one subject to such an order. Thus, under this statutory scheme, a person subject to a restrictive order under the Habitual Motor Vehicle Offenders Act can have no valid Tennessee driver's license, and, should he drive in violation of that order, he necessarily drives without a license in his possession. Accordingly, it is impossible for one to violate T.C.A. § 59–2116 without violating T.C.A. § 59–709 as well, and thus the latter offense is included within the former. *Cf. Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). It follows that the petitioner's plea of guilty to the charge of violating T.C.A. § 59–709 bars his subsequent prosecution for the violation of T.C.A. § 59–2116, based upon the same incident.

The judgment of the Court of Criminal Appeals is reversed, and the case dismissed.

BROCK, C. J., and FONES, HENRY and HARBISON, JJ., concur.