STATE of Tennessee, Appellee,

v.

**Marvin "Cotton" MARTIN, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Feb. 24, 1982.

Permission to Appeal Denied by Supreme Court May 24, 1982.

Wm. Travis Gobble, Waynesboro, for appellant.

William M. Leech, Jr., Atty. Gen., John C. Zimmermann, Asst. Atty. Gen., Nashville, James G. White, III, Asst. Dist. Atty., Lawrenceburg, for appellee.

## OPINION

TATUM, Judge.

The appellant, Marvin "Cotton" Martin was indicted and convicted of various sex offenses against his wife's daughters, Betty, age 10, and Diane, age 12. He was separately charged by presentments for first-degree sexual conduct on each child, anal copulation with each child, fellatio with each child and incest with each child. He was acquitted of anal copulation with Diane and convicted of the seven remaining offenses. His sentence on each of the first-degree sexual conduct cases was life imprisonment. He was sentenced to not less than 10 years

nor more than 21 years on each of the incest convictions and to not less than 10 years nor more than 15 years imprisonment on each of the fellatio convictions and the anal copulation convictions.[1] The sentences were ordered to run concurrently. We find reversible error as to the fellatio and anal copulation convictions; we affirm the first degree sexual misconduct convictions and the incest convictions.

The evidence reflects that on November 14, 1978, the appellant "beat up" the children's mother and threatened to kill Diane with a pistol. He beat Diane with a belt and ordered the children to remove their clothing and go to bed. He then had sexual intercourse and fellatio with both children. On previous occasions, he had performed these acts on both children and previously had had anal intercourse with Betty.

The appellant insists that the multiple convictions constitute double jeopardy. In *State v. Black*, 524 S.W.2d 913, 918 (Tenn. 1975), the Supreme Court observed that in each case, the question of identity of defenses must be analyzed with regard to the statutory definition of the crimes, the legislative intent, and the particular facts and circumstances of each case. However, the Supreme Court approved the rule formulated by the United States Supreme Court in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). The *Blockburger* test is similar in principle to that pronounced by the Tennessee Supreme Court in *Duchac v. State*, 505 S.W.2d 237 (Tenn.1973). The test, as pronounced by the *Blockburger* court, is:

"Each of the offenses created requires proof of a different element. The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." 284 U.S. at 304, 52 S.Ct. at 182.

---

1. Appellant was prosecuted for fellatio and anal copulation under the crime against nature statute, T.C.A. § 39–707.

■ As mandated by the Tennessee Supreme Court in the *Black* case, we have examined the circumstances of this case, together with the applicable statutes. We first note that the trial judge instructed the jury that penetration, an essential element of first-degree sexual conduct, could be accomplished by fellatio and anal intercourse as well as normal intercourse. This instruction is in accord with T.C.A. § 39–3702(8) (Supp.1978). The offense cannot be committed without a sexual penetration in some form. The trial judge gave no instructions to the jury with respect to the law of identity of offenses but submitted all seven cases to the jury under general instructions upon which the jury might have found, for example, that the penetrations upon which the appellant was convicted for first-degree sexual conduct were committed by the acts of fellatio. It would constitute double jeopardy if the jury found that the defendant committed first-degree sexual conduct by fellatio and separately convicted the defendant of crime against nature (T.C.A. § 39–707) for the same act of fellatio.[2] *State v. Cloud*, 588 S.W.2d 552 (Tenn. 1979).

After considering the circumstances, the evidence, the court's instruction and the statutes in accord with *Black*, we conclude that the convictions for fellatio and anal intercourse constitute double jeopardy. We reverse and dismiss both convictions for fellatio and the conviction for anal intercourse.

We now consider whether the convictions for incest can stand with the convictions for first-degree sexual conduct. The appellant was convicted of first-degree sexual conduct on two counts of violating Chapter 937, House Bill Number 356, Tennessee Public Acts of 1978 which was in effect when these offenses were committed. Section 3(A)(1) of the Act defines first-degree sexual conduct as the sexual penetration of the body of another when the victim is 12 years of age or under. Section 3(A)(3) pro-

vides that one is also guilty of this offense when a weapon is used to force or coerce the victim to engage in sexual penetration. There was evidence that the conduct proscribed in both subsection (A)(1) and (3) existed. In neither of these subsections is there a requirement that the actor be in a position of custodial or official authority over the victim as provided in subsection (A)(2) and as was the circumstance in *State v. Bobbie Lee Turner*, Court of Criminal Appeals at Jackson, filed September 24, 1981.

The incest statute, T.C.A. § 39–705 proscribes the marriage or the having of carnal knowledge with certain relatives, including a man's wife's daughter.

■ We note first that the sexual conduct statute and the incest statute create separate and distinct offenses; neither offense is included in the other and either offense may be committed without committing the other. Relying on the *Blockburger* test, we find that each of these offenses requires proof of different elements. The sexual conduct offenses for which the appellant was tried and convicted required proof either, that the victims were 12 years of age or under, or, that the offense was coercively committed with a weapon. The incest statute requires proof of neither of these elements but does require proof of the prohibited relationship, an element not required by the sexual conduct statute. Further, there was evidence of multiple penetrations of both victims. We conclude from all of these circumstances that the incest convictions may stand with the convictions for first-degree sexual conduct without violating the double jeopardy provisions of either the State or Federal Constitutions.

■ Both convictions of first-degree sexual conduct may stand as they were separate crimes against different victims. *Cf. State v. Irvin*, 603 S.W.2d 121 (Tenn.1980); *Morgan v. State*, 220 Tenn. 247, 415 S.W.2d 879 (1967). The same principle is applicable with respect to the two incest convictions.

2. From the record, we cannot determine upon which act of penetration the jury found the appellant guilty of first-degree sexual conduct.

The appellant next argues that the criminal sexual conduct statute was unconstitutionally vague. In *Morgan v. State*, 582 S.W.2d 94, 97 (Tenn.Cr.App.1979), this court held contrary to the appellant's contention.

■ The appellant complains that he was denied a right to a preliminary hearing and that the indictment was defective in that it was based upon hearsay testimony. The prosecution of the appellant was commenced by presentments and not by an arrest warrant. Therefore, he was not entitled to a preliminary hearing. *State v. Best*, 614 S.W.2d 791, 795 (Tenn.1981); *Waugh v. State*, 564 S.W.2d 654 (Tenn. 1978). Also, the appellant's argument that the presentments should have been dismissed because they were based upon hearsay testimony is without merit. *State v. Grady*, 619 S.W.2d 139, 140 (Tenn.Cr.App. 1979).

■ The appellant complains that the 700-day delay from the return of the indictment until the beginning of his trial violated the "speedy trial" provisions of the Tennessee and United States Constitutions. The appellant concedes that he did not ask for a speedy trial until 5 days before the commencement of his trial. On the morning of trial, he moved for a continuance. The record reveals that the appellant sought delay; he was attempting to "pressure" the District Attorney General to place him on pre-trial diversion, although none of the offenses for which he was indicted can be diverted. See T.C.A. § 40–2108. There is no showing that the appellant was prejudiced from the delay. Applying the factors discussed in *State v. Baker*, 614 S.W.2d 352 (Tenn.1981), we find no speedy trial error and overrule this issue.

■ The appellant next complains that the State failed to furnish him the names and addresses of all witnesses that the State intended to call. The trial judge erroneously entered an order requiring the State to furnish the names of these witnesses pretrial. The appellant claims that he was entitled to this information under Rule 16, Tenn.R.Crim.P. Rule 16 does not authorize pretrial discovery of the names and addresses of State's witnesses. T.C.A. § 40–2407 places the duty on the District Attorney to endorse on each indictment the names of such witnesses as he intends to be summoned for the State. This section is directory only. *Houston v. State*, 567 S.W.2d 485 (Tenn.Cr.App.1978); *Arrington v. State*, 548 S.W.2d 319 (Tenn.Cr.App. 1976). We further note that the appellant has shown no prejudice by the failure of the State to list the witnesses on the indictment. This is especially true in view of the appellant's trial tactic, hereinafter discussed.

■ The appellant next contends that the trial judge abused his discretion in denying the defendant's motion for a continuance. The motion was filed on the morning the case was set for trial and 5 days after appellant demanded a speedy trial. The case had been pending for 700 days. The trial date of November 10, 1980, had been set 2 months in advance by the trial judge. The affidavit attached to the motion states no substantial cause for a continuance. A motion for a continuance is within the sound discretion of the trial judge and his decision will not be disturbed absent a clear showing of prejudice to the defendent. *State v. Green*, 613 S.W.2d 229, 233 (Tenn. Cr.App.1980). We find no abuse of discretion and no prejudice to the defendant.

■ In another issue, the appellant contends that the trial court improperly denied his motion for an interlocutory appeal under Rule 9; T.R.A.P. He did not apply for an extraordinary appeal under Rule 10, T.R. A.P. None of the grounds specified in Rule 9(a), T.R.A.P. for an interlocutory appeal was present and the issues sought to be raised on interlocutory appeal are preserved. The trial court properly denied the application for a Rule 9 appeal.

■ The appellant next contends that the evidence was not sufficient to support the conviction because there was no corroboration of the testimony of his step-daughters. He cites *Ballew v. State*, 498 S.W.2d 918 (Tenn.Cr.App.1973) and *Henley v.*

*State,* 489 S.W.2d 53 (Tenn.Cr.App.1972). Both of these cases hold that the uncorroborated testimony of an accomplice will not support a conviction for incest. In these cases, the court found that the victims were willing participants, as a matter of law. In the *Henley* case, this court correctly observed that if the victim acts involuntarily and not as a willing participant, then she would not be an accomplice; thus a conviction would stand, even upon her uncorroborated testimony. All of the evidence in this case establishes that the appellant's stepdaughters acted involuntarily and against their will; there was no evidence to the contrary. Thus, they were not accomplices and corroboration of their testimony is not required to support the convictions.

■ The appellant finally states that his trial counsel[3] was ineffective. The record reflects that before jury selection and immediately after the trial judge overruled the motion for a continuance, counsel informed the court, "The defendant won't put on any proof, and I won't cross-examine or participate in the trial." Counsel made a similar statement to the jury in an opening statement. The appellant made no protest when these statements were made. Counsel stated to this court during oral argument that the appellant consented to this tactic. During trial, this tactic was carried out; counsel cross-examined no witnesses, he made no objections, he offered no evidence, and he did not make oral argument. He now says that this constitutes ineffective assistance of counsel. We are confronted with a situation identical to that in the unreported case of *Gene H. Leach v. State,* filed in the Court of Criminal Appeals at Jackson, June 30, 1977. In the *Leach* case, this court said:

"Trial counsel's deliberate and tactical decisions on the conduct of a trial does (sic) not, of itself, (sic) support a claim of inadequacy of counsel. *Whitney v. United States,* 513 F.2d 326 (8th Cir. 1974).

We are of the opinion that the case falls within the reasoning applied in the case of *United States v. Stern,* 519 F.2d

521 (9th Cir. 1975), which is similar to the case before us, wherein that Court said:

'Representation of defendant by counsel is not inadequate where counsel's actions or omissions merely reflect tactical decisions, even if better tactics appear in restrospect (sic) to have been available.'

Counsel in this case was faced with an obviously guilty man, his reasons for the conduct of the trial, objectively reviewed, seemed to be pointed toward an attempt to secure some relief of punishment. At any event, this is not an unheard of tactic. Probably every trial judge and trial lawyer of any tenure in trial work have seen similar tactics employed. At any rate, appeals courts should not pass judgment on deliberate decisions of counsel. *Whitney v. United States, supra,* nor second guess strategic and tactical choices made by counsel. (sic) *United States v. Decoster,* 487 F.2d 1197 (D.C. Cir. 1973)."

\* \* \* \* \* \*

". . . We are of the opinion that his trial tactics were a deliberate judgment of how best to conduct the defense in the case. To reverse the judgment of the trial court on this record is unwarranted. The case of *United States v. Clayborne,* 509 F.2d 473 (D.C. Cir. 1974), said in a case of this nature:

'Because of the inherent hazards to the administration of justice in ordering reversals on grounds of inadequate representation of a defendant by defense counsel, reversal should never be based upon the good faith tactics of the defense lawyers except upon the clearest proof of actual prejudice.'

Our view of the history and record in this case convinces us that on the morning of trial in this case the motion for continuance and the decision to participate minimally in the trial was a tactical decision made by counsel to secure the best possible relief for his obviously guilty client either at trial or on an appeal. Such deliberate decision is not sufficient reason

---

**3.** The same attorney represents the appellant on appeal that represented him at trial.

for granting relief unless prejudice to the accused is clear upon the record of the case."

We agree with the *Leach* panel. To validate intentional trial tactics, as employed here, would result in the complete collapse of the criminal justice system. If we reversed and remanded, the same tactics could be employed in future trials of the appellant to infinity. The tactic would be put to wide-spread usage, and criminal convictions where the tactic is employed, could never become final. This issue is overruled.

The convictions for fellatio and anal intercourse (case numbers 10,965, 10,966 and 10,967) are reversed and dismissed. Both convictions for criminal sexual conduct in the first degree (case numbers 10,969 and 10,970) and both convictions for incest (case numbers 10,963 and 10,964) are affirmed.

O'BRIEN and DUNCAN, JJ., concur.