**STATE of Tennessee, Appellee,**

v.

**Kenneth E. CRAFT, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Sept. 4, 1987.

Petition to Appeal Denied by Supreme Court Nov. 30, 1987.

W.J. Michael Cody, Atty. Gen. & Reporter, Charles E. Bush, Mark Beveridge, Floyd Price, Asst. Attys. Gen., Nashville, for appellee.

Joy Sims, Nashville, for appellant.

## OPINION

O'BRIEN, Judge.

In this case coming from Davidson County defendant was convicted of making threats for the purpose of extortion, sentenced to two (2) years imprisonment as a Range I standard offender and placed on immediate probation for a period of three (3) years.

For issue on this appeal defendant says the trial court erred in permitting three of the State's witnesses to testify whose identity was not disclosed to the defendant upon pretrial request in violation of T.C.A. § 40–17–106, Tenn.R.Crim.P. 16 and Rule 22 of the Unified Rules of Practice in the Courts of Davidson County.

T.C.A. § 40–17–106 provides that it shall be the duty of the District Attorney General to endorse on each indictment or presentment, at the term which the same is found, the names of such witnesses as he intends shall be summoned in the cause. The names of the witnesses were not endorsed on the indictment in this case. Although the cases hold that the Section is directory and a witness is not disqualified to testify because his name does not appear on the indictment, *Aldridge v. State*, 470 S.W.2d 42, 4 Tenn.Cr.App. 254 (1971), the purpose of the Section is to make known to

the defendant the names of witnesses who will be called to testify so that he will not be surprised and handicapped in the preparation of his case. *McBee v. State*, 372 S.W.2d 173, 213 Tenn. 15 (1963). There is little excuse for lack of compliance by a District Attorney General in any case.

Tenn.R.Crim.P. 16 does not authorize pretrial discovery of the names and addresses of State's witnesses. *State v. Martin*, 634 S.W.2d 639, 643 (Tenn.Cr.App. 1982).

Rule 22 of the Unified Rules of Practice in the Courts of Davidson County has not been included in this record and therefore cannot be considered on this issue.

The only reference in this record to the issue is the statement of the Assistant District Attorney General representing the State that he mailed defense counsel a copy of a letter to the court clerk requesting a subpoena for the witnesses in question. A copy of the letter has been made an exhibit.

The trial judge overruled objection to the testimony of the witnesses in question. It appears defendant had notice pretrial that they would testify. He has failed to show any prejudice in the premises.

The judgment of the trial court is affirmed.

BYERS, J., and JAMES BEASLEY, Special Judge, concur.