IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

JANUARY 1999 SESSION



**FILED**

**July 27, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **NO. 02C01-9802-CR-00038** |
| Appellee, | ) | |
| | ) | **SHELBY COUNTY** |
| **VS.** | ) | |
| | ) | **HON. JAMES BEASLEY, JR.,** |
| **FRED FULGENZI,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Vehicular Assault -- Interlocutory |
| | ) | Appeal) |

## DISSENTING OPINION

I respectfully dissent from the conclusion reached by my colleagues that double jeopardy bars the prosecution of this defendant for the indicted charge of vehicular assault. The trial court's findings of "subterfuge" and "deception" are supported by the record. Thus, I believe the inaccurate and misleading statements of defendant's counsel to the trial court, which led to acceptance of the DUI guilty plea, negate defendant's ability to rely upon double jeopardy to deny the state its day in court.

## FACTS SURROUNDING THE PLEA

The guilty plea transcript reveals the following discourse between defense counsel and the court:

DEFENSE COUNSEL:    At this time we have a plea to the Court, directly to the Court, if Your Honor cares to hear it.

. . .

1

| THE COURT: | Yes, sir. I need to know what he's pleading guilty to. |
|---|---|
| DEFENSE COUNSEL: | Indictment number 97-07011, driving under the influence, as charged. *At this time he's not pleading the 97-07010, vehicular assault.* |
| THE COURT: | What are we doing with that? |
| DEFENSE COUNSEL: | *I think that's up to the State as to whether they want to proceed on that after this plea, or not.* |
| STATE'S COUNSEL: | At this point we would want to proceed [due to the critical injuries suffered by the elderly victim], Your Honor. . . . |
| . . . | |
| STATE'S COUNSEL: | . . . we're ready to set a trial date if that's what [counsel] would like to do. |

(Emphasis added.) Defense counsel made no response, and the trial court began taking the guilty plea.

Immediately after acceptance of the guilty plea, the trial court conducted a

sentencing hearing in which the defendant testified. During defense counsel's direct examination, defense counsel asked defendant, "you understand at this time you still have a pending felony case against you for vehicular assault?" The defendant replied, "yes."

After the trial court pronounced the sentence, and pursuant to his original intention, defense counsel immediately asked to dismiss the vehicular assault indictment.

In a subsequent hearing on defendant's motion to dismiss, state's counsel testified that prior to the plea, defense counsel advised her the defendant would plead to DUI. When she asked defense counsel about the vehicular assault charge, he stated, "we could set it for trial, to wait and see what the judge wants to do with it." In an affidavit filed by defense counsel, he confirmed that he "informed the Assistant Attorney General that we were entering a guilty plea to the Court on the DUI indictment only. They indicated they would proceed to trial on the vehicular assault indictment and I said that would be fine."

Thus, the record clearly indicates that the statements made by defense counsel to the trial court were inaccurate because it was *not* counsel's position that the state could decide to proceed with the trial on vehicular assault. These statements were misleading as they led the trial court and the prosecuting attorney to believe the vehicular assault charge *would* proceed to trial. In fact, the record reflects that defense counsel's original intention was to move for dismissal of the vehicular assault charge. Defense counsel does not deny this.

## TRIAL COURT'S FINDINGS

In his order denying the motion to dismiss, the trial judge noted that prior to

3

acceptance of the plea, "both sides agreed that the vehicular assault would have to be tried. . ." and that the trial court was under the same impression. The trial court specifically found that the guilty plea was obtained by "subterfuge" and "deception."

The evidence, in my opinion, does not preponderate against these factual findings by the trial court. Thus, the issue is whether a guilty plea to a lesser offense obtained by "subterfuge" and "deception" creates a double jeopardy bar to prosecution of the pending greater offense. I think not.

## STATE V. CLOUD

I believe the majority's reliance upon State v. Cloud, 588 S.W.2d 552 (Tenn. 1979), is misplaced. Cloud, finding a double jeopardy violation based upon a guilty plea to a lesser offense, was decided in 1979. Ohio v. Johnson, 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984), which was decided by the United States Supreme Court in 1984, should be the controlling authority in this case.

## CONTROLLING AUTHORITY

The factual circumstances of the case before us persuade me to follow the holdings of the United States Supreme Court in Ohio v. Johnson, *supra*, and our Court in State v. Mark Cambron Nickens, C.C.A. No. 03C01-9205-CR-00189, Tenn. Crim. App. 1993 LEXIS 513, at *1 (Tenn. Crim. App. filed August 5, 1993, at Knoxville)(citing and following Johnson; distinguishing State v. Cloud, *supra*). These cases dictate that there is no double jeopardy problem here.

4

In Ohio v. Johnson, the United States Supreme Court held that double jeopardy did not bar subsequent prosecution of a defendant for the indicted crimes of murder and aggravated robbery, even though defendant had pled guilty to the lesser charges of involuntary manslaughter and grand theft. 467 U.S. at 494, 104 S.Ct. at 2538, 81 L.Ed.2d at 430. The Court determined that the defendant had not been exposed to conviction, and the state had been denied the opportunity to pursue a conviction on the greater charges. The Court reasoned that, "acceptance of a guilty plea to lesser included offenses while charges on the greater offenses remain pending . . . has none of the implications of an 'implied acquittal' which results from a verdict convicting a defendant on lesser included offenses rendered by a jury charged to consider both greater and lesser included offenses. . . ." 467 U.S. at 501-502, 104 S.Ct. at 2542, 81 L.Ed.2d at 435 (citations omitted).

Likewise, this Court declined to bar a subsequent prosecution on a greater charge of felonious operation of a motor vehicle in spite of the trial judge's unconditional acceptance of defendant's guilty plea to the lesser offense of driving on a revoked license. Mark Cambron Nickens, 1993 LEXIS 513, at *7. The majority finds Nickens unpersuasive, instead finding State v. Cloud, supra, persuasive.[1] As previously stated, the Cloud holding predated Johnson.

The factual similarities between Johnson, Nickens, and this case are numerous. Most importantly, each defendant was indicted for both greater and lesser offenses arising from the same conduct; each defendant was allowed by the trial court to plead guilty to the lesser offense(s); and each defendant subsequently attempted to avoid prosecution on the greater offense(s) by a claim of double jeopardy. As in those cases, no interest of this defendant's protected by double jeopardy principles was implicated where the defendant pled guilty to the lesser

---

[1] I note that the majority also finds Nickens distinguishable since the state in that case objected to the plea.

offense of DUI; and there "has been none of the governmental overreaching that double jeopardy is supposed to prevent." Johnson, 467 U.S. at 502, S.Ct. at 2542, 81 L.Ed.2d at 435.

## LACK OF OBJECTION BY THE STATE

The one distinction between the case at bar and the other cases is the lack of formal objection by the state to the entry of defendant's guilty plea. I do not find this distinction dispositive, particularly in view of the inaccurate and misleading statements of defense counsel.

Based upon the state's failure to object to defendant's guilty plea, my colleagues distinguish Johnson and Nickens. Due to defense counsel's inaccurate and misleading statements not only to the prosecuting attorney, but especially in response to the trial court's direct inquiry regarding the status of the vehicular assault charge, a unique factual situation was created which causes me to question whether the presence or absence of a state objection is determinative in deciding the issue of double jeopardy. Nevertheless, if it does have any significance, I believe the inaccurate and misleading statements by defense counsel suffice as a substitute for an objection by the state.

In Grady v. Corbin, the United States Supreme Court remarked: "we need not decide whether our double jeopardy analysis would be any different if affirmative misrepresentations of fact by a defendant or his counsel were to mislead a court into accepting a guilty plea it would not otherwise accept." 495 U.S. 508, 512, n.4, 110 S.Ct. 2084, 2088, 109 L.Ed.2d 548, 559 (1990). That, based upon the record and the explicit findings of the trial court, is exactly what we have here. As such, I whole-heartedly agree with the principle enunciated in Johnson that defendant should not be entitled to use the Double Jeopardy Clause as a "sword" so as to

6

"deny the State . . . one full and fair opportunity" to its day in court. 467 U.S. at 501-502, 104 S.Ct. at 2542, 81 L.Ed.2d at 435.

I recognize that should this case be remanded for prosecution of the vehicular assault charge, and defendant is convicted, the DUI conviction could not stand. Rather, it would necessarily merge into the greater offense of vehicular assault resulting in a single conviction against defendant. *See* State v. Rhodes, 917 S.W.2d 708, 714 (Tenn. Crim. App. 1995).

Based on the foregoing, I respectfully DISSENT from the majority opinion and would AFFIRM the judgment of the trial court and REMAND for further proceedings.[2]

_____
**JOE G. RILEY, JUDGE**

_____

[2]It is not my intention to personally berate, condemn, or embarrass defense counsel. Defense counsel believed he had an obligation to his client to pursue the strategy of entering the guilty plea to DUI to foreclose prosecution for vehicular assault. That is not the issue, however. My legal concern is that, while pursuing this strategy, counsel made inaccurate and misleading statements to the trial court and prosecuting attorney.