## IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

### AT JACKSON

### JANUARY 1999 SESSION



FILED

July 27, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | * | C.C.A. # 02C01-9802-CR-00038 |
| Appellee, | * | SHELBY COUNTY |
| VS. | * | Honorable James Beasley, Jr., Judge |
| **FRED FULGENZI,** | * | (Vehicular Assault--Interlocutory Appeal) |
| Appellant. | * | |

FOR THE APPELLANT:

GERALD D. SKAHAN
140 North Third Street
Memphis, TN 38103

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General & Reporter

PETER M. COUGHLAN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

WILLIAM L. GIBBONS
District Attorney General

PAULA WULFF
Assistant District Attorney General
201 Poplar Avenue
Memphis, TN 38103

OPINION FILED: _____

**REVERSED AND DISMISSED**

**JOHN EVERETT WILLIAMS,**
Judge

# OPINION

The defendant, Fred Fulgenzi, was indicted for vehicular assault and driving under the influence of an intoxicant (DUI) in separate indictments based on a single instance of alleged criminal behavior. The defendant pleaded guilty to DUI, and the trial court accepted his plea without objection from the state. The defendant then moved to dismiss the indictment for vehicular assault based on double jeopardy. Finding that the defendant's guilty plea had been fraudulently entered, the trial court set aside the plea and denied his motion to dismiss the vehicular assault indictment. In this interlocutory appeal, the defendant argues (1) that the prohibition against double jeopardy bars the state from prosecuting him for vehicular assault following the trial court's acceptance of his guilty plea to DUI and (2) that the trial court erred in setting aside his guilty plea. The state contends that double jeopardy is inapplicable in the present case and (2) even if double jeopardy was applicable, the defendant's plea was properly set aside, thereby negating any bar to further prosecution. After careful review, we respectfully reverse the judgment of the trial court and dismiss the defendant's indictment for vehicular assault, number 97-07010.

## BACKGROUND

On July 3, 1997, the Shelby County Grand Jury returned indictment 97-07010 charging the defendant with vehicular assault. On the same day, the same grand jury returned a second indictment, number 97-07011, charging the defendant with driving under the influence of an intoxicant and with reckless driving. Both indictments relate to a single incident of the defendant's alleged criminal conduct that occurred on January 23, 1997.

On December 4, 1997, the defendant announced to the trial court his desire to plead guilty to indictment 97-07011, DUI. When the court inquired of defense counsel regarding disposition of the vehicular assault charge, the

-2-

defense attorney responded, "I think that's up to the State as to whether they want to proceed on that after this plea, or not." The state responded that it intended to proceed to trial on the vehicular assault indictment. Even so, the state did not object to the defendant's pleading guilty to indictment 97-07011, DUI. At a later hearing, the state candidly admitted that it did not object because it did not perceive any double jeopardy ramifications to the vehicular assault charge. The Assistant District Attorney stated that, had she known the law, she would have objected to the plea.

After advising the defendant of his constitutional rights, the trial court accepted the defendant's guilty plea. Immediately thereafter, the court conducted a sentencing hearing and sentenced the defendant to 180 days confinement, with all but thirty days suspended; eleven months and twenty-nine days probation; a $500 fine; revocation of his driver's license for one year; and mandatory attendance of alcohol safety courses and Alcoholics Anonymous meetings.

Immediately after the court pronounced sentence, the defense moved to dismiss the vehicular assault indictment:

> DEFENSE ATTORNEY: Your Honor, as to indictment 97-07010, I believe under the case of State v. Rhodes, 917 S.W.2d 708, Tennessee Criminal Court--Appellate Court, 1995, that case holds the premise that driving under the influence is a lesser included offense of vehicular assault.
> And under the case law as it's written in the statute, under the notice of decisions, vehicular assault includes driving under the influence as a lesser included offense. Thus, for double jeopardy purposes, a person cannot be punished separately for DUI and vehicular assault for one act of driving under the influence that causes serious bodily injury.
> Taking that statement into account, Your Honor, since [the defendant] has been convicted of driving under the influence and jeopardy to this offense has been attached, we would ask the Court to dismiss the vehicular assault indictment number 97-07010.
>
> THE COURT: Be denied. Set it for trial. And you can take that issue up on appeal if you are unsuccessful in your trial.

On December 8, 1997, the defendant filed a second, written motion to dismiss the vehicular assault indictment based on double jeopardy. The state responded, asserting that the defendant's guilty plea had been fraudulently entered and moved that the plea be set aside.

In its order denying the defendant's motion, the trial court acknowledged that DUI is a lesser included offense of vehicular assault and, therefore, that double jeopardy would generally bar the state from prosecuting the greater offense after the defendant's conviction of the lesser. Nevertheless, the trial court found that defense counsel had taken advantage of good faith, up-front dealing and negotiations by the state and had entered the guilty plea through subterfuge and deception. Thus, the trial court set aside the defendant's plea and stayed judgment on his DUI conviction.

On January 30, 1998, the defendant moved for interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure, and the trial court granted permission to appeal. This Court accepted the defendant's application for appeal on March 2, 1998.

**ANALYSIS**

Two potential issues confront this Court: First, as a threshold inquiry, does the guilty plea to a lesser included offense bar subsequent prosecution for the greater offense regarding the same episode of conduct? If so, did the trial court erroneously set aside the guilty plea as fraudulently entered?

**I. Double Jeopardy**

The United States and Tennessee Constitutions protect an accused from being twice placed in jeopardy for the "same offense." See U.S. Const. amend. V; Tenn. Const. Art. 1, § 10. This Court has previously determined that DUI and

-4-

vehicular assault are the "same offense" for double jeopardy purposes.  See State v. Rhodes, 917 S.W.2d 708 (Tenn. Crim. App. 1995).  Further,  the defendant has clearly been put in jeopardy on these charges, as jeopardy attached upon the trial court's unconditional acceptance of his guilty plea.  See State v. Todd, 654 S.W.2d 379, 381 (Tenn. 1983).   Thus, double jeopardy would apparently bar prosecution of the vehicular assault indictment as a matter of law.

Nevertheless, the state argues that double jeopardy is inapplicable to the present case because the defendant's guilty plea, entered with his knowledge of greater pending charges, does not implicate the policy reasons supporting the prohibition against double jeopardy.

The prohibition against double jeopardy affords three fundamental protections: (1) protection against a second prosecution after an acquittal; (2) protection against a second prosecution after conviction; and (3) protection against multiple punishments for the same offense.  See, e.g., North Carolina v. Pearce, 395 U.S. 711, 717 (1969), State v. Lewis, 958 S.W.2d 736, 738 (Tenn. 1997); State v. Denton, 938 S.W.2d 373, 378 (Tenn. 1996).

The policy reasons supporting these protections include goals of certainty, reliability, and respect for the judicial process" and "finality of judgments," Bray v. State, 506 S.W.2d 772, 774 (Tenn. 1974); prevention of prosecutorial overreaching, Ohio v. Johnson, 467 U.S. 493, 498-99 (1984); and prevention of the expense, embarrassment, and anxiety of repeated defenses, see id.

The lineage of the state's policy argument begins with Ohio v. Johnson, 467 U.S. 493 (1984).  In Johnson, a defendant was accused of two greater and two lesser included offenses in a single indictment.  At his arraignment in an Ohio state court, the defendant pleaded guilty to the lesser offenses, and the trial

court accepted his plea over the state's objection. The state court then dismissed the greater offenses on the defendant's double jeopardy plea.

On appeal, the United States Supreme Court reversed and held that double jeopardy did not prohibit prosecution of the greater offenses. The Court reasoned that the principles sought by the prohibition against double jeopardy-- specifically, "finality and prevention of prosecutorial overreaching"--were not implicated when a defendant, over the state's objection, pleads guilty to a lesser charge while greater charges remain pending. Id. at 501.

Prior to the Johnson decision, the Tennessee Supreme Court had faced this issue in State v. Cloud, 588 S.W.2d 552 (Tenn. 1979). In Cloud, a defendant who was charged with a felony and a lesser included misdemeanor pleaded guilty to, and was convicted of, the lesser offense. The trial court and this Court rejected the defendant's plea of double jeopardy to the greater offense. However, the Tennessee Supreme Court reversed and dismissed the case, holding that the defendant's "plea of guilty to [a lesser included offense] bars his subsequent prosecution for [the greater offense]." Id. at 554.

Despite Cloud, a panel of this Court followed Johnson in State v. Mark Cambron Nickens, No. 03C01-9205-CR-00189 (Tenn. Crim. App. filed Aug. 5, 1993, at Knoxville). As in Johnson, the trial court in Nickens accepted the defendant's guilty plea over the state's objection--a fact the Nickens Court thought important. The Nickens Court distinguished Cloud on the basis that it predates Johnson and "[m]ore importantly, . . . Cloud does not establish that the state attempted as it did here and in Johnson to prevent the offensive use of the double jeopardy provision by objecting to the offered guilty pleas."

We decline to follow <u>Nickens</u>--first, because we are unpersuaded by its reasoning and, second, because it is distinguishable from the present case, in which the state did not object to the defendant's plea.

## II. Fraud

Having concluded that the defendant's conviction on his guilty plea to DUI bars the state from prosecuting the vehicular assault indictment against him, we now turn to the trial court's determination that the defendant's plea was fraudulently entered and should be set aside, thereby negating this bar to further prosecution.

The facts constituting the defendant's alleged fraud are undisputed and are in the record before this Court. Thus, whether these facts constitute fraud is purely a question of law, and our review is de novo.

The entire basis for the trial court finding of fraud was the defense counsel's response, when asked what was to happen to the vehicular assault indictment, "I think that's up to the State as to whether they want to proceed on that after this plea, or not." The trial court concluded, apparently from this statement, that "[b]oth sides agreed that the Vehicular Assault would have to be tried." Although characterizing the double jeopardy issue as "obvious"--a characterization we think militates against a finding of fraud--the trial court further concluded that "defense counsel took advantage of good faith, up-front dealing and negotiation by the State and obtained [sic] [the guilty plea] by deception." We respectfully disagree.

The record indicates no "dealing and negotiation" by or with the state, in good faith or otherwise. Rather, the defendant tendered his plea of guilty as indicted directly to the trial court. Without question, defense counsel intended

the plea to raise a double jeopardy bar to the vehicular assault indictment. Defense counsel argues that this tactic, and the failure to announce his intentions, was not only permissive, but ethically required. While we leave the determination of ethical requirements to other appropriate authorities, we cannot conclude that either counsel's strategy or his failure to reveal this strategy amounted to fraud or subterfuge.

## CONCLUSION

For the above reasons, the judgment of the trial court is REVERSED and indictment 97-07010 charging the defendant with vehicular assault is DISMISSED.

_____
JOHN EVERETT WILLIAMS, Judge

CONCUR:

_____
DAVID G. HAYES, Judge

_____
JOE G. RILEY, Judge